Tom Don FRANANO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16904.

United States Court of Appeals
Eighth Circuit.

Dec. 3, 1962.

Rehearing Denied Dec. 21, 1962.

Kenneth C. West, Kansas City, Mo., for appellant.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and Joseph Teasdale, Asst. U. S. Atty., and Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., on the brief, for appellee.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

MATTHES, Circuit Judge.

Tom Don Franano, hereinafter referred to as defendant, was indicted for violating 18 U.S.C.A. § 2312 (1951), commonly called the Dyer Act. Specifically, the charge was that on or about April 12, 1960, defendant transported a 1960 Chevrolet automobile from Mobile, Alabama, to Kansas City, Missouri, knowing the same to have been stolen. On October 25, 1960, he was found guilty by a jury, and on December 2, 1960, was sentenced to a term of 4 years and 330 days, to be served consecutively to the term of imprisonment imposed upon him in the case of United States v. Franano, bearing

No. 20,107, in the District Court for the Western District of Missouri.[1]

Defendant's application to the district court for leave to appeal in forma pauperis was denied by that court on the ground that the appeal was frivolous and not taken in good faith. Upon application to this court, we appointed Mr. Kenneth C. West, of Kansas City, Missouri, as attorney for defendant for the purpose of challenging the trial court's certificate of frivolousness. Upon the showing that was made, we found that defendant's contention that the evidence was insufficient to support his conviction was without merit, and denied appeal on that ground as frivolous. We did, however, conclude that there was sufficient merit in defendant's claim that the instructions were prejudicially erroneous to warrant the granting of an appeal for the single purpose of resolving that question. Mr. West was again appointed to represent defendant for purposes of the appeal.

Although the question whether the evidence was sufficient to sustain the conviction is not an issue on appeal, a brief resume of the salient facts will assist in a proper understanding of the attack made upon the court's charge to the jury.

From the Government's evidence, largely circumstantial in nature, it was shown that a new Chevrolet automobile was stolen from an automobile dealer in Mobile, Alabama, between March 31 and April 15, 1960, was transported to Kansas City, Missouri, by defendant, and was there offered for sale by him in the latter part of April, 1960. A tax assessor and a file clerk, both from Baldwin County, Alabama, testified that, on or about April 6, 1960, they dealt with a man, who identified himself as John W. Arnold, for the

1. In cause No. 20,107 defendant was convicted of violating the Dyer Act and of conspiring to transport stolen motor vehicles. He was sentenced to a total of 8 years in that case. The judgment of conviction was affirmed by this court. Franano v. United States, 8 Cir., 277 F.2d 511 (1960), cert. denied, 364 U.S. 828, 81 S.Ct. 68, 5 L.Ed.2d 57 (1960), rehearing denied, 364 U.S. 906, 81 S.Ct. '231, 5 L.Ed. 2d 199 (1960). Defendant was at liberty on bond pending his appeal in that case when the instant offense was committed. On October 28, 1960, defendant filed a motion for imposition of immediate sentence, but the trial judge deferred sentencing pending a pre-sentence investigation. When Franano was sentenced on December 2, 1960, the court took into consideration the 35 day period that he had been incarcerated in jail since October 28.

purpose of issuing a license for the vehicle now found to have been the stolen automobile in question. In their testimony both of these witnesses positively identified defendant as being "John W. Arnold," the same person who had been issued the Alabama license plates. After attempting to sell the stolen automobile in Kansas City, Missouri, in the latter part of April, defendant was arrested in that city on May 5, 1960, and thereafter was indicted on the charge that resulted in this prosecution. Despite efforts that had been taken to prevent identification of the vehicle, through the hidden body number it was established that the automobile that had been in defendant's possession in Kansas City was the same automobile that had been stolen in Mobile, Alabama. Defendant did not personally testify and defended on the basis of an alibi. His alibi witnesses, his brother and his brother's business associate, testified that defendant was in Kansas City at the time that defendant allegedly had been in Alabama under the guise of "John W. Arnold."

In contending that the court's charge to the jury was prejudicially erroneous, defendant relies upon four grounds:

1. That without request from defendant, the court improperly and emphatically directed the jury's attention to the failure of defendant to testify.

2. The charge failed to require the jury to find that the transported automobile had been stolen.

3. The comments of the trial judge upon certain phases of the evidence rendered the charge highly improper and unfair; that the charge was so partisan in favor of the Government's case that defendant was deprived of his constitutional right to a fair and impartial trial.

4. The failure to give a cautionary instruction in regard to the testimony of one of the Government's witnesses who had been previously convicted of felonies.

In the first brief filed on behalf of defendant, the only objection to the instruction was No. 1, set out above. This point is completely lacking in substance. The record clearly and conclusively establishes that the attorney who represented defendant in the trial affirmatively requested "the standard charge relative to the defendant not taking the stand." Present counsel for defendant apparently raised this objection to the charge in his initial brief before he had been informed of what had actually transpired, and in motion for an order to require the Government to furnish defendant with a copy of the transcript of the trial proceedings, counsel for defendant recognized that there was no merit to this point, stating: "These new data, of course, apparently effectively destroy the one main point selected by court appointed counsel and make it necessary to brief and present other points on the court's alleged unfairness or prejudice to comply with the order of this court. The petitioner should certainly not be penalized for the fact his court appointed counsel ignored weaker points for one strong and obvious point which has now been destroyed." Notwithstanding the above concession, we have carefully examined the court's instruction dealing with the failure of defendant to take the stand and testify in his own behalf, and are satisfied that it did not raise a presumption of guilt against defendant, but rather, clearly indicated that no adverse conclusion should be drawn against him.

Ground 2, equally lacking in merit, is not reviewable. The record discloses that defendant's attorney raised no objection to the court's failure to specifically and explicitly require the jury to find that the automobile in question had been stolen. The objections made by counsel to the court's charge were focused entirely upon the court's comments upon the evidence which, as we have observed, are the basis for Ground 3. In this situation, the claimed error may not effectively be raised for the first time on appeal. Rule 30, Fed.R.Crim.P.; Northcraft v. United States, 8 Cir., 271 F.2d 184, 189–190 (1959); Esters v. United States, 8 Cir., 260 F.2d 393, 396–397

(1958). We have nonetheless considered the claimed omission to determine whether the substantial rights of defendant were affected. Rule 52(b), Fed.R. Crim.P. While the jury was not explicitly required to find that the automobile had been stolen, the duty of the jury to make this finding was implicit in the charge. Trial counsel for defendant in his summation or argument to the jury had apparently contended that as a prerequisite to a verdict of guilt, the jury had to be satisfied that defendant had stolen the automobile, and further argued there was no evidence to warrant the jury in so finding. Because of this argument the court instructed the jury that whether defendant was the person who had stolen the automobile was not the issue to be determined, but rather the question was whether defendant had "wilfully, unlawfully, knowingly and feloniously transported or caused the transportation of that car in interstate commerce from Mobile, Alabama, to Kansas City, Missouri, *knowing it to have been stolen.*" (Emphasis supplied). Here, unlike Dixon v. United States, 8 Cir., 295 F.2d 396 (1961), relied upon by defendant, the evidence conclusively established that the automobile had been stolen. The litigated issue was, as properly stated by the trial court, whether defendant had transported the automobile in interstate commerce knowing it to have been stolen. This issue was plainly, understandably and unequivocally submitted to the jury.[2]

Ground 3 has proved more troublesome. The portions of the charge to which defendant objected on the ground that the trial judge had transgressed the permissible bounds of fair comment upon the evidence and had become an advocate for the prosecution are:

"And I think I should also tell you that in determining the weight and credibility of any witness' testimony, you have a perfect right to take into consideration your own common experiences in the affairs of life, and of course—and this is a comment that should be disregarded by you, that you can disregard, if you want to but I feel impelled to make this observation that—during the course of Mr. McMullin's argument I was wondering when he was discussing the various types of clothing that this defendant is supposed to have had on in Alabama, it is one of those little coincidences that happen, but as he was making that statement, it was just running through my mind, —well, what did Mr. McMullin have on yesterday? For the life of me I cannot remember. He told you then that he had on a light suit today and a dark suit yesterday, and yet I couldn't have told it to save my life and yet I knew him. You may disregard that as representing a comment on the evidence, but I think it points out what I meant when I said you could apply your own common experiences in life in determining the weight that you would give to any witness' testimony.[3]

\* \* \* \* \* \*

"I seldom comment directly on the testimony that has been presented in a criminal case, but I think the testimony that has been adduced

---

2. In the Dixon case, supra, 295 F.2d at 399, we stated that a Dyer Act violation consists of three essential elements: (1) that the motor vehicle was stolen; (2) that defendant transported the vehicle in interstate commerce; and (3) that when so transported, defendant knew the motor vehicle had been stolen. Since there was dispute as to whether the automobile had been stolen, we held that the trial judge, under the facts in that case, failed to clearly and concisely present that issue to the jury for their de-termination. In the instant case, the evidence that the automobile had been stolen was not contradicted in any respect, so the charge, although not explicit, adequately presented the jury with that question.

3. Apparently, in his closing argument, counsel for defendant made reference to the failure of the Government's witness (the Alabama file clerk) to recall the type of clothing worn by the man that the witness identified as defendant.

here deserves some comment. The pattern is precise. The two witnesses from Alabama were specific and direct in their identification, and, as I observed to you previously, I don't feel that the fact that they were unable to pinpoint precisely the details of clothing means too much. That is my opinion. You may disregard it as I have told you many times before. It is key testimony, however, and it is contradicted by the testimony of Mrs. Haley and Frank Franano. Now, I think it is important that you consider the testimony of those four witnesses, not alone but in connection with the over-all panorama of evidence that has been presented in the case, and then in that overall panorama remember the instruction that I gave you relative to circumstantial evidence.

"Now, Frank Franano and Mrs. Haley, I believe the name is, weren't entirely together in their stories as I heard it, and again this is my opinion which you may disregard. Mr. Franano said—and I made a note of it—that they were to occupy their quarters around the first of May, if you recall, and that he was engaged in looking for space. Mrs. Haley testified that they took it over the first of April and that they were engaged in putting furniture in there and decorating it at the time this incident occurred." [4]

Despite the court's admonition, both within the allegedly objectionable portion and throughout the charge considered as a whole, that the jury should disregard any factual opinions asserted by the judge and that determination of the facts was a jury function,[5] defendant contends that the above comments were tantamount to telling the jury that the Government witnesses were worthy of belief and that defendant's alibi witnesses were not.

■ There can be no doubt that a federal judge in a criminal case is more than a mere moderator and may assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence and by expressing his opinion upon the facts, provided he clearly states to the jury that all matters of fact are submitted to their determination. Quercia v. United States, 289 U.S. 466, 469, 53 S.Ct. 698, 77 L.Ed. 1321 (1933); Northcraft v. United States, supra, 271 F.2d at 188–189; Myres v. United States, 8 Cir., 174 F.2d 329, 338 (1949), cert. denied, 338 U.S. 849, 70 S.Ct. 91, 94 L.Ed. 520 (1949); Buchanan v. United States, 8 Cir., 15 F.2d 496, 497–498 (1926). However, since a trial judge's influence upon a jury is necessarily of such great magnitude, a trial judge should exercise care and discretion in expressing an opinion so as not to mislead or, in effect, to destroy the jury's right as the sole arbiters of all fact questions. Quercia v. United States, supra, 289 U.S. at 470, 53 S.Ct. at 699; Holmes v. United States, 4 Cir., 271 F.2d 635, 639 (1959); Stoneking v. United States, 8 Cir., 232 F.2d 385, 389–390 (1956), cert. denied, 352 U.S. 835, 77 S.Ct. 54, 1 L.Ed.2d 54 (1956); Cook v. United States, 8 Cir., 18 F.2d 50, 52 (1927).

■ A survey of cases indicates that reviewing courts are hesitant to reverse a judgment due to an allegedly unfair comment within the charge to the jury unless the trial judge clearly became argumentative and assumed the role of an advocate.[6] We emphatically

---

4. The trial judge pointed out that Frank Franano and Mrs. Haley, defendant's alibi witnesses, differed in their testimony relating to the time they moved into their new business quarters. The time period was important since it apparently was a point of reference for determining the alibi defense.

5. The trial judge gave such an admonition at least nine times throughout the course of his instructions.

6. See, for example, Quercia v. United States, supra, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321; United States v. McCarthy, 3 Cir., 301 F.2d 796 (1962); Boat-

agree that a judge must never identify his high office with the prosecution so as to appear partial and so determined to have a defendant convicted that he would go to the extreme of invading the fact-resolving province of the jury. Nevertheless, we hold that the trial judge in the instant case did not abuse his right to comment upon the evidence. A charge must be viewed in its entirety in determining whether a jury would have been misled or unduly influenced by the portions to which objection has been made. Northcraft v. United States, supra, 271 F.2d at 188; Rosenbloom v. United States, 8 Cir., 259 F.2d 500, 503 (1958), cert. denied, 358 U.S. 929, 79 S.Ct. 315, 3 L.Ed.2d 302 (1959); Segal v. United States, 8 Cir., 246 F.2d 814, 821 (1957), cert. denied, 355 U.S. 894, 78 S.Ct. 269, 2 L.Ed.2d 192 (1957); Stoneking v. United States, supra, 232 F.2d at 389. So here, when viewed in light of the instructions as a whole and in relation to the warnings that the jury should disregard any factual opinion rendered by the judge, we fail to see how defendant's rights were transgressed. As stated by our court in Cook v. United States, supra, 18 F.2d at 52, and reiterated in numerous cases since then:

" * * * we think the line of demarcation between what a court may say to the jury in a criminal case in expressing his opinion on the facts, and what he may not say, is to be drawn between mere expression of opinion not partaking of such argumentative nature as to amount to ad-

vocacy, leaving to the jury absolute freedom to determine the facts, and such discussion as amounts to an argument and makes the court in fact an advocate against the defendant. A trial judge is not merely a moderator or umpire; neither is he an advocate."

Additionally, we note with some significance that factually this is not a weak or close case. The evidence of defendant's guilt was strong.[7] In Homan v. United States, 8 Cir., 279 F.2d 767, 771 (1960), cert. denied, 364 U.S. 866, 81 S.Ct. 110, 5 L.Ed.2d 88 (1960), speaking through Chief Judge Johnsen, we stated:

"Errors of the trial court which may be prejudicial in a close criminal case, in the sense of being capable in such a situation of possibly affecting the result, can well be without any such rational possibility in a strong case, and thus not entitle the defendant to a reversal of his conviction. The reviewing court must, of course, be able to say with fair assurance that the errors complained of could not, with natural operation in the total setting and proceedings had, be regarded as having possessed any influencing effect."

In Bihn v. United States, 328 U.S. 633, 639, 66 S.Ct. 1172, 90 L.Ed. 1485 (1946), in reversing a conviction, the Supreme Court ruled that the trial judge's comment in the instruction to the jury was prejudicial, stating:

" * * * and the charge was so important to the vital issue in the

right v. United States, 8 Cir., 105 F.2d 737 (1939); and Cook v. United States, supra, 18 F.2d 50, where the trial judge clearly became an advocate and thus, the judgment was reversed. But see United States v. Kravitz, 3 Cir., 281 F.2d 581 (1960), cert. denied, 364 U.S. 941, 81 S.Ct. 459, 5 L.Ed.2d 372 (1961) [although the case was reversed on other grounds as to a co-defendant]; Northcraft v. United States, supra, 271 F.2d 184; Stoneking v. United States, supra, 232 F.2d 385; Myres v. United States, supra, 174 F.2d 329; and Buchanan v. United States, supra, 15 F.2d 496, where it was held that the judge's comments did

not require reversal. In Holmes v. United States, supra, 271 F.2d 635, the sole case cited on this point by defendant, the crux of the reversal was the failure of the district judge to have certain files delivered to defense counsel, and the court only incidentally considered the allegedly impartial conduct of the judge.

7. Previously, we upheld the trial court's certificate of frivolousness as to defendant's contention that the evidence was insufficient to support his conviction, and we allowed this appeal only to challenge the allegedly prejudicial and erroneous instructions.

«case, that we conclude that prejudicial error was committed. * * * While there was sufficient evidence for the jury, the case against petitioner was not open and shut. Since the scales were quite evenly balanced, we feel that the jury might have been influenced by the erroneous charge. Hence we cannot say it was not prejudicial and hence treat it as a minor aberration of trivial consequence."

Here, even assuming, arguendo that the trial judge might have surpassed the bounds of sound judicial practice by his comments upon the evidence, considering the entire record, we do not believe that the questioned statements could have had a prejudicial effect. See Glasser v. United States, 315 U.S. 60, 82–83, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Fogarty v. United States, 5 Cir., 263 F.2d 201, 204–206 (1959), cert. denied, 360 U.S. 919, 79 S.Ct. 1437, 3 L.Ed.2d 1534 (1959); Pezznola v. United States, 1 Cir., 232 F.2d 907, 915 (1956), cert. denied, 352 U.S. 834, 77 S.Ct. 53, 1 L.Ed. 2d 54 (1956).

The failure of the trial court to caution the jury to consider the prior felony convictions of a Government witness for credibility purposes, Ground 4, supra, is without substance. The proper foundation was not laid to obtain a review of this alleged error, since no request was made by defendant's trial counsel for an instruction of this nature. Rule 30, Fed.R.Crim.P. It is firmly settled that "in the absence of a request for charge, a reversal is justified only if the failure to instruct constitutes 'a basic and highly prejudicial error.'" United States v. Gordon, 3 Cir., 242 F.2d 122, 126 (1957), cert. denied, 354 U.S. 921, 77 S.Ct. 1378, 1 L.Ed.2d 1436 (1957). See also Esters v. United States, supra, 260 F.2d at 397; Gicinto v. United States, 8 Cir., 212 F.2d 8, 12 (1954), cert. denied, 348 U.S. 884, 75 S.Ct. 125, 99 L.Ed. 695 (1954). Certainly nothing in this record demonstrates that the court's failure to give the cautionary instruction deprived defendant of substantial rights.

We are grateful to Mr. West for the conscientious assistance he has rendered to defendant and to this court.

Finding no prejudicial error in the court's charge, the judgment is

Affirmed.