**Howard Eugene ROWELL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18217.**

United States Court of Appeals
Eighth Circuit.

Nov. 21, 1966.

Kenneth K. Simon, Kansas City, Mo., for appellant, and filed typewritten brief.

Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for appellee. F. Russell Millin, U. S. Atty., Kansas City, Mo., was with him on the printed brief.

Before MATTHES and LAY, Circuit Judges and REGAN, District Judge.

MATTHES, Circuit Judge.

After waiving the filing of an indictment, appellant with two other persons was charged in a multiple count information with violating 26 U.S.C. §§ 4742(a) and 4744(a) (1954), as amended, 26

U.S.C. § 4744(a) (Supp.1956).[1] All three defendants were found guilty and appealed from the judgments of conviction. We reversed and remanded for another trial. Banks v. United States, 348 F.2d 231 (8th Cir. 1965). On remand appellant alone was tried and again found guilty on six counts.[2] After the jury returned its verdict the United States Attorney filed an information pursuant to 26 U.S.C. § 7237 (1954), as amended, 26 U.S.C. § 7237 (Supp.1956), alleging that appellant had previously been convicted of violating 26 U.S.C. §§ 4704(a) and 4705(a) (1954). Appellant admitted the prior conviction and thereupon the court imposed the minimum sentence for a second offender, to-wit, ten years on each of the six counts, the sentences to run concurrently. This appeal followed.

The alleged offenses, transferring of marihuana without a written order (§ 4742(a), supra) and obtaining marihuana without payment of the tax thereon (§ 4744(a), supra) were proved by undisputed evidence. The investigatory methods employed by the Bureau of Narcotics in Kansas City, Missouri were typical of the procedures that the government has relied upon in its constant and laudable attempt to suppress and abolish illegal traffic in all types of narcotics, including, of course, marihuana.

The informer or undercover agent in this case was John McCullough. He had worked with federal and state narcotic bureaus in different parts of the United States for approximately sixteen years. He was living in New York City when he was contacted by the Kansas City Bureau of Narcotics and requested to assist in the investigation of unlawful activities in the Kansas City area. On

August 28, 1963 McCullough, working under the supervision of the chief of the Kansas City office, went to the apartment of appellant in Kansas City, Missouri and informed him, in substance, that "a girl had sent me over here, [and said] that you could take care of me * * * and I started to tell him what I wanted; I told him I wanted some marihuana * * * or heroin * * *." Appellant informed McCullough that he was not in the business of selling marihuana. There was no purchase or transfer on that date. McCullough's statement about the girl was false and concededly used for the purpose of gaining appellant's confidence. McCullough saw appellant several times between August 28 and September 2, 1963. On the latter date appellant sold McCullough a quantity of marihuana for $65.00. On September 9th appellant sold two pounds of marihuana to McCullough for $150.00. The third sale was consummated on December 18, 1963. On that date appellant had agreed to sell McCullough four pounds of marihuana for $80.00 a pound but delivered only two pounds for which he was paid $170.00. The money used by McCullough on each of these three occasions had been furnished by narcotic agents. The testimony of McCullough was corroborated by narcotic agents who had kept him under surveillance during each of the three purchases.

Further discussion of the factual features of the case is unnecessary at this juncture. Appellant did not testify, did not challenge the sufficiency of the evidence to support the jury's verdict, did not deny possessing and transferring the marihuana on the three occasions mentioned, and did not claim that the evi-

---

1. Section 4742(a) provides: "it shall be unlawful for any person * * * to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate."

Section 4744(a) provides: "it shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741(a)—

(1) to acquire or otherwise obtain any marihuana without having paid such tax, or

(2) to transport or conceal, or in any manner facilitate the transportation or concealment of, any marihuana so acquired or obtained."

2. Co-defendants George Banks and Willie Johnson entered pleas of guilty after the cause was remanded to the district court.

dence established the defense of entrapment as a matter of law.

The defenses interposed by appellant were typical of the defenses urged in like cases, namely, entrapment and the fact that the informer's character and past record was such that he was unworthy of belief.[3] Cf. Roth v. United States, 270 F.2d 655 (8th Cir. 1959), cert. denied, 361 U.S. 931, 80 S.Ct. 368, 4 L.Ed.2d 352 (1960); Warren v. United States, 268 F.2d 691 (8th Cir. 1959); Accardi v. United States, 257 F.2d 168 (5th Cir. 1958), cert. denied, 358 U.S. 883, 79 S.Ct. 124, 3 L.Ed.2d 112 (1958). In the first trial of Banks, Johnson, and appellant the trial court refused to submit the defense of entrapment because in the court's opinion there was no factual basis for the submission of that defense. This became and was an issue on the first appeal. We were not required to and did not decide that question. In regard thereto we stated:

"Realizing that in another trial additional evidence may be forthcoming which could have a pertinent bearing on this issue, we pretermit determining whether on this record the entrapment defense should have been submitted. It is appropriate, however, to observe that ordinarily this defense raises a question of fact which should be submitted to the jury under proper instructions. Sorrells v. United States, supra; Cross v. United States, supra. However, submission is not required when evidence of entrapment is entirely lacking. United States v. Markham, 191 F.2d 936, 937 (7th Cir. 1951)." 348 F.2d at 236.

The evidence in the second trial was substantially the same as in the first trial. There was no additional evidence relating to the defense of entrapment. For this reason Judge Duncan was reluctant to submit the defense of entrapment, but "out of an abundance of caution" he submitted the issue to the jury. What ensued during the giving of the instructions is the source of appellant's contention that he was denied a fair and impartial trial.

In delivering the charge the court first informed the jury of its fact-finding responsibility and emphasized that it should not be influenced by any comment the court might make in connection with the instructions.[4]

Later the court carefully delineated the constitutive elements of the defense of entrapment as enunciated by the Supreme Court in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), and by this court in Cross v. United States, 347 F.2d 327 (8th Cir. 1965). Thereafter the court directed the jury's attention to the defense of entrapment and made the following statements which are the bone of contention here:

*No. 1*

"Now, members of the jury, let's look at this matter for just a moment. We find that this agent was brought in here, this undercover agent as he is

---

3. McCullough had been convicted of a sale of heroin in 1959. Shortly thereafter, he became an undercover agent for the government.

4. The Court stated:
"It is your duty and your responsibility to determine what the facts are as they have come to you from this witness stand. And when you have determined what the facts are, your finding and determination is binding upon the Court and must be accepted by the Court just as it is your duty and responsibility to accept the law as the Court gives it to you."
\* \* \* \* \* \* \*

"Now, members of the jury, as I said to you, it is the duty of the Court to charge you as to the law and the Court may advise you as to the facts. I charge you equally and sincerely that any statement the Court may make as to a factual situation is not binding upon you because that is your function, although the Court has the right to do so. And in this case it is very likely, I ordinarily do not make extensive comments upon the evidence, but in this case I may do so, and if I do I say to you that it is not binding upon you any more so than the expressions of counsel."

referred to, brought in here from New York, he was a stranger. You are entitled to take into [account] your common experiences in the affairs of life and wonder why he went out there, why would an undercover agent just walk into the city and go out to a particular address, to a particular individual, at that particular time unless there was some reason or justification for going. He fixed up a story about a girl, he never offered this man anything, he simply offered to buy marihuana."

\*    \*    \*    \*    \*    \*

### No. 2

"It is my opinion, members of the jury, as a legal matter, legal question, that if this Goverment informer went out there and simply said to this defendant that 'A girl sent me here,' nothing about girls, 'Some girl sent me here and told me that you could supply me with marijuana,' that's not entrapment, and that thereafter he sold it to him, then he is guilty, but it would not be entrapment to simply go out and afford him the opportunity and say, 'Well, the girl sent me here,' that does not constitute entrapment under the law."

At the outset we have grave doubt whether the exceptions of appellant to the instructions were sufficient to preserve the question of the propriety of the court's comments for review. The extent of the objection was: "also we take exception to the Court's comment on the evidence on the issues of the fact of entrapment."

Fed.R.Crim.P. 30 provides in part:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

In Armstrong v. United States, 228 F.2d 764, 768 (8th Cir. 1956), cert. de-

nied, 351 U.S. 918, 76 S.Ct. 710, 100 L.Ed. 1450 (1956), we stated in effect that a party objecting to instructions must state specifically to what he objects and why. This rule has been followed in many cases. See, e. g. Boeing Airplane Company v. O'Malley, 329 F.2d 585, 597–598 (8th Cir. 1964); Johnson v. United States, 291 F.2d 150, 156 (8th Cir. 1961), cert. denied, 368 U.S. 880, 82 S.Ct. 130, 7 L.Ed.2d 80 (1961); Apperwhite v. Illinois Central Railroad Company, 239 F.2d 306, 310 (8th Cir. 1957).[5]

We have resolved the doubt in favor of appellant and go to the merits of his contention.

■ It is, of course, fundamental that in considering the correctness of the instructions we must examine and consider them as a whole. Whether the jury has been properly instructed cannot be determined from consideration of a single paragraph or phrase removed from context. Cf. Anderson v. United States, 262 F.2d 764 (8th Cir. 1959), cert. denied, 360 U.S. 929, 79 S.Ct. 1446, 3 L.Ed.2d 1543 (1959).

The precise question before us, i. e., the propriety of the trial judge's comments has, in one form or another, been the subject of consideration by reviewing courts in many criminal cases. As a result guidelines have been laid down, but there are no iron clad rules which may systematically be applied to each and every situation. Each case must stand on its own bottom and be decided in light of all pertinent facts.

The Supreme Court, speaking through Chief Justice Hughes, in Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933) made the following pronouncements:

"In a trial by jury in a federal court, the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law. Herron v. Southern Pacific

---

5. *Apperwhite* and *Boeing Airplane Co.* were civil actions governed by Fed.R.Civ.

P. 51. That rule is no different in meaning from Fed.R.Crim.P. 30.

Co., 283 U.S. 91, 95, 51 S.Ct. 383, 75 L.Ed. 857. In charging the jury, the trial judge is not limited to instructions of an abstract sort. It is within his province, whenever he thinks it necessary, to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it which he thinks important and he may express his opinion upon the facts, provided he makes it clear to the jury that all matters of fact are submitted to their determination." 289 U.S. at 469, 53 S.Ct. at 698.

In United States v. Murdoch, 290 U.S. 389, 394, 54 S.Ct. 223, 225, 78 L.Ed. 381 (1933), the Supreme Court went further in holding that not only may a judge "analyze the evidence, comment upon it, and express his views with regard to the testimony of witnesses," but also he has the power to "express an opinion as to the guilt of the defendant," a power which "should be exercised cautiously and only in exceptional cases."

This same question has also been before this court in numerous cases. See Franano v. United States, 310 F.2d 533, 537 (8th Cir. 1962), cert. denied, 373 U.S. 940, 83 S.Ct. 1545, 10 L.Ed.2d 694 (1962); Garner v. United States, 277 F.2d 242, 245–246 (8th Cir. 1960); Kansas City Star Company v. United States, 240 F.2d 643, 664–665 (8th Cir. 1957), cert. denied, 354 U.S. 923, 77 S.Ct. 1381, 1 L.Ed.2d 1438 (1957); Batsell v. United States, 217 F.2d 257, 262 (8th Cir. 1954); Buchanan v. United States, 15 F.2d 496, 497–498 (8th Cir. 1926). In the *Franano* case we stated:

"A survey of cases indicates that reviewing courts are hesitant to reverse a judgment due to an allegedly unfair comment within the charge to the jury unless the trial judge clearly became argumentative and assumed the role of an advocate. We emphatically agree that a judge must never identify his high office with the prosecution so as to appear partial and so determined to have a defendant convicted that he would go to the extreme of invading the fact-resolving province of the jury." 310 F.2d at 537–538.

The remarks under consideration may be placed in two categories. Those, which for convenience, have been identified as "No. 1" were comments on the evidence and the deductions or inferences that Judge Duncan drew from the evidence. The remarks designated as "No. 2" may properly be interpreted as an opinion of the court as to the legal effect of McCullough's testimony concerning the girl as it related to the defense of entrapment.

We view comment No. 1 as an effort on the part of the judge to assist the jury in arriving at a just conclusion—a practice that has been countenanced by the Supreme Court. Quercia v. United States, supra.

Clearly, comment No. 2 cannot be regarded as an expression of opinion as to the guilt of appellant, sanctioned by *Murdoch,* supra, "in exceptional cases." By those remarks the judge informed the jury that the evidence in regard to the girl incident was insufficient to constitute entrapment. Inasmuch as there was scant, if any, evidence to warrant submission of entrapment and no evidence that appellant was incited, prompted, or lured into committing the offenses on the strength of McCullough's misrepresentations about the girl, we are unable to visualize any error in the court's expressed opinion. Certainly, at best, it was harmless error which did not affect the substantial rights of appellant. See Fed.R.Crim.P. 52(a).

In summary, it affirmatively appears from our canvass of the whole record that the questioned comments were not prejudicial and did not affect the substantial rights of appellant.[6]

6. Bihn v. United States, 328 U.S. 633, 66 S.Ct. 1172, 90 L.Ed. 1485 (1946) does not require a different conclusion. *Bihn* presented a close question as to the defendant's guilt, and comments involved in that case were much more aggravating than those under consideration in this case.

 Appellant also contends that the court committed plain error in failing to instruct the jury to view the testimony of the informer with caution. The court was not requested to give such an instruction, nor was exception taken to the failure to so instruct. Thus posited, this question is not before us on review. Fed.R.Crim.P. 30. Moreover, since the court fully instructed on the credibility of witnesses, plain error did not result from the failure of the court to give the precautionary instruction.

Appellant also argues that plain error was committed "in repeatedly instructing the jury that appellant was charged with a narcotic violation, when appellant was only charged with marihuana violations." This too must be an afterthought on the part of appellant's counsel. He failed to take any exception to the use of the word "narcotic." Furthermore the record fails to support appellant's assertion. It is abundantly clear that the instructions informed the jury that appellant was charged with possessing and transferring marihuana. We regard this contention as wholly lacking in substance and therefore reject it.

 Finally, the contention is advanced that appellant did not receive a fair trial because there were no Negroes on the jury. The composition of the jury was not challenged at any time prior to or during the trial. The question was first interjected after the verdict had been returned. During a colloquy between the court and counsel for appellant, appellant himself informed the court that he felt his trial was unfair because there were "no colored and no women on the jury." Later in the discussion, all relating to the time when judgment should be pronounced, counsel for appellant stated with candor: "I did want to protect the appellant in connection with this panel but I don't think we have a legal leg to stand on in that respect." Counsel also stated, in substance, that Negroes are not excluded from jury panels in the United States District Court for the Western District of Missouri. We believe it is self evident from what has been said that this belated assignment of error is patently lacking in merit.

As pertinently observed by the Supreme Court in Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946):

"If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand, except perhaps where the departure is from a constitutional norm or a specific command of Congress." 328 U.S. at 764–765, 66 S.Ct. at 1248.

We affirm.