Carlos Lamont SCRUGGS, Appellant,

v.

UNITED STATES of America,
Appellee.

Reginald Coleman CHAMBERS,
Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 71–1116, 71–1121.

United States Court of Appeals,
Eighth Circuit.

Oct. 13, 1971.

Jack E. Koslow, St. Louis, Mo., for appellant Scruggs.

Richard P. Nangle, St. Louis, Mo., for appellant Chambers.

Before MATTHES, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellants, Carlos Lamont Scruggs and Reginald Coleman Chambers, appeal from jury verdicts of guilty and judgments of conviction upon an indictment charging them[1] with aggravated armed robbery of the Pulaski Savings and Loan Association. Title 18 U.S.C. § 2113(a) and (d). Appellants were tried jointly. Scruggs was sentenced to imprisonment for twenty-five years. Chambers received a sentence of twenty years to run consecutively to a sentence imposed in another case. Appellants filed separate appeals and briefs. The appeals were consolidated for argument and final submission to this Court. Their contentions will be taken up seriatim.

### Sufficiency of the evidence

Both appellants urge that the Government failed to prove that the deposits of the Pulaski Savings and Loan Association were insured by the Federal Deposit Insurance Corporation at the

---

1. Two additional defendants were named in the indictment: Defendant Charles Hubert Washington plead guilty prior to trial and testified for the Government at the trial; defendant William De Verse had not been apprehended at the time of trial.

time the robbery took place on October 23, 1970. This, of course, is an essential element of the case and therefore must be established. Kane v. United States, 431 F.2d 172, 176 (8 Cir. 1970) ; Hewitt v. United States, 110 F.2d 1 (8 Cir. 1940). It was so established. The certificate of insurance was identified by the Executive Vice-President of the Loan Association and received in evidence. In addition evidence was offered that the insurance premium was paid and the insurance in effect on the date in question. This is sufficient. Bayless v. United States, 147 F.2d 169, 171 (8 Cir. 1945) ; United States v. Phillips, 427 F.2d 1035 (9 Cir. 1970) ; United States v. Thompson, 421 F.2d 373, 379 (5 Cir. 1970) ; Callahan v. United States, 367 F.2d 563 (9 Cir. 1966).

■ Appellant Scruggs complains that although the indictment charges that $4,158 was taken, the Government's proof was that $1,200 or $1,600 was taken. This complaint is wholly devoid of merit. Evidence was offered that approximately $4,100 was stolen. The mere fact that substantially less was apparently available when the loot was divided among the four participants does not compel an inference that less was stolen. Likewise, Scruggs' complaint of variance in proof in that the indictment charges "the use of dangerous weapons, that is, a shotgun and revolvers" whereas, the testimony indicates a Luger [2] was used by Scruggs is equally lacking in merit. Scruggs' further complaint that the Government failed to prove that the life of the teller, Jackie Agnew, was put in jeopardy by use of a dangerous weapon as charged in the indictment will be later discussed in connection with the claimed error in the instructions.

We have reviewed the record in its entirety and are abundantly satisfied that the evidence substantiating the guilt of appellants was overwhelming as to all elements of the offense charged.

### Admissibility of Evidence

■ Appellant Chambers contends that the trial court erred in refusing to strike the evidence adduced from Special Agents of the Federal Bureau of Investigation Laboratory, Washington, D.C. to the effect that the metal tube found in the apartment where the robbery was planned and to which the defendants returned after the robbery, was the sawed-off end of the barrel of the shotgun found in appellant Chambers' possession ten days later. The gist of the complaint is that the Government failed to establish a chain of custody of the objects in question. The sawed-off shotgun, exhibit 10, was identified by the witness and co-defendant Washington as one of the weapons used in the robbery. The metal tube, exhibit 24, was identified by Police Officer Forister as having been found four days after the robbery, behind the television set in the unoccupied apartment where the robbery was planned and to which the participants returned after the robbery, divided the loot, and left many articles including some of the clothing worn by the participants during the robbery, and the pillow case in which the loot was carried.

Since the exhibits were identified by other witnesses who testified about them the chain of custody was not essential to their admission. The motion to strike was properly denied. United States v. Briddle, 443 F.2d 443, 448–489 (8 Cir. 1971) ; United States v. Blue, 440 F.2d 300, 303 (7 Cir. 1971) ; West v. United States, 359 F.2d 50, 55 (8 Cir. 1966).

### Questioning by the Court

■ Appellant Scruggs urges that the trial court erred in failing to sustain his objection to a question put to the

---

2. The evidence indicates a sawed-off shotgun was used by appellant Chambers and a revolver by defendant De Verse (not on trial). Defendant Washington drove the get away car.

witness Charles Washington after re-cross examination.[3] Appellant contends that the trial court in effect improperly commented upon the evidence by repeating questions which had previously been propounded to the witness by the Government and thus improperly emphasized the elements attempted to be proved by the Government and " * * * the Court exerted, albeit unintentionally, an influence upon the Jury to give a greater weight to this testimony of Mr. Washington, and, in fact, to all of Mr. Washington's testimony because of the high respect which the Jury rightfully has for the Court." [4]

The principles governing the trial court's participations in a trial through questioning witnesses and commenting on the evidence have been often stated by this Court. United States v. Dunmore, Johnson, 446 F.2d 1214 (8 Cir., 1971); United States v. DePugh, 434 F.2d 548, 554 (8 Cir. 1970); Kramer v. United States, 408 F.2d 837, 841 (8 Cir. 1969); Rowell v. United States, 368 F.2d 957, 960–961 (8 Cir. 1966); Ray v. United States, 367 F.2d 258, 261–263 (8 Cir. 1966). *Cf.* United States v. Porter, 441 F.2d 1204 (8 Cir. 1971). In Kramer v. United States, *supra*, 408 F.2d at p. 841, this Court said:

"A federal judge may ask questions and has the prerogative of commenting directly on witnesses and their testimony. Woodring v. United States, 311 F.2d 417, 421 (8 Cir. 1963). It is only when a judge becomes an advocate for one party that he oversteps the bounds of propriety

---

3. Questions by the Court:

Q Mr. Washington, this charge that you've pled guilty to involved the hold up of the Pulaski Savings & Loan Association?

A Yes, sir.

Q Now, where is that building located?

A It's right off of Cass on East Fourteenth Street.

Q And on the 23rd day of October 1970 as I understand your testimony you drove an automobile out there and Mr. De Verse and Mr. Scruggs and Mr. Chambers were in the car with you?

A Yes, sir.

Q Did I understand your testimony correctly when you said you saw those three men; Mr. De Verse, Mr. Scruggs and Mr. Chambers, leave the car and go into the front door of the savings and loan?

Mr. Koslow: Your Honor please, may I approach the bench?

[The following occurred at the bench outside the hearing of the Jury:]

Mr. Koslow: At this time, Your Honor, for the purposes of the record I will enter an objection to the question asked by the Court on the grounds that this tends to emphasize the position taken by the prosecutor, it is repetitive as far as the direct testimony is concerned.

The Court: The only thing I wanted, I have some other questions I want to ask him but I want to put this in proper context and your objection will be shown and will be overruled at this time.

Mr. Nangle: Your Honor, on behalf of Chambers I want to adopt the objection made by Scruggs' attorney.

[The trial resumed within the hearing of the jury as follows:]

Q [By the Court] Now, Mr. Chambers, you were arrested by the officers on Sunday the 25th, two days after this occurrence, is that correct?

A I'm Washington.

Q I mean Mr. Washington, pardon me.

A Yes, sir.

Q And you have testified here today about some stories you told the officers on Sunday. Now that was the 25th. Were you interviewed on Sunday?

A Yes, sir.

Q Were you interviewed on Monday the 26th?

A I don't remember. I think I was. It's possible. I don't remember.

Q And where were you taken after you were arrested, to what building?

A I stayed downtown. They put me in the holdover tank.

Q And were you ever released on bail at any time?

A No, sir.

Q From the time you were arrested on Sunday the 25th?

A No, sir.

Q In other words, you have been in custody and under arrest or restrained ever since that time, is that correct?

A Yes, sir.

The Court: I have no further questions.

4. Appellant Brief P. 6.

in directing and governing the conduct of the trial. Franano v. United States, 310 F.2d 533 (8 Cir. 1962). A court should show no bias toward either party or even tend to become an advocate for either party."

We have carefully examined the entire record and note that the trial court asked questions on several occasions which were not objected to and were obviously clarifying questions and thus proper. We also note that the trial court made no comment on the evidence in the instructions and carefully instructed the jury to disregard any opinion of the Court that might have been indicated during the trial. The trial court commands the attention and respect of the jury. Great care must be exercised so as to avoid the appearance of advocacy for a particular party. In the instant case we are satisfied that the Court did not unfairly participate in the questioning of witnesses and did not err in overruling appellant's objections.

### Severance

Appellant Scruggs additionally contends that the trial court erred in not sustaining his motion for severance filed prior to trial. In substance his complaint is that much of the evidence regarding the shotgun, the technical evidence adduced by the experts from the Federal Bureau of Investigation regarding the shotgun and barrel, the clothing and other evidence, was produced with respect to co-defendant Chambers and the missing co-defendant De Verse. The evidence plainly shows that the named defendants participated jointly and actively in the acts constituting the offense. No *Bruton* issue of out-of-court confessions is involved. Appellant's contention is so devoid of merit that further discussion is unnecessary. The named subjects were properly joined in the indictment. Rule 8(b), Federal Rules of Criminal Procedure. The motion to sever was properly denied. Rule 14, Federal Rules of Criminal Procedure. Kane v. United States, 431 F.2d 172, 175 (8 Cir. 1970).

### Objection to Instructions

Appellant Scruggs claims the Court erred in its instructions regarding the elements which must be proved in order to establish the offense charged. Appellant's objection to the omission of essential elements of the crime prior to their submission to the jury was not particularized as being the omission of the element necessary to the establishment of aggravated armed robbery under Title 18, § 2113(d). However, we are satisfied that the omission of the essential element of the crime of aggravated armed robbery (Title 18, § 2113(d)) was plain error under Rule 52(b), Federal Rules of Criminal Procedure. The indictment under which appellants were found guilty charged [5] in one count a vi-

---

5. The Grand Jury charges:

"That on or about the 23rd day of October, 1970, in the City of St. Louis, in the State of Missouri, and within the Eastern District of Missouri,

William De Verse
Carlos Lamont Scruggs,
Charles Hubert Washington, and
Reginald Coleman Chambers

willfully and unlawfully and with felonious intent did take by force and violence and by intimidation from the presence of Jackie Agnew, $4,158, more or less, in money belonging to and in the care, custody, control, management and possession of Pulaski Savings and Loan Association,

an insured institution, the deposits of which were then insured by Federal Savings and Loan Corporation, and WILLIAM DE VERSE, CARLOS LAMONT SCRUGGS, CHARLES HUBERT WASHINGTON, and REGINALD COLEMAN CHAMBERS, in committing the aforesaid acts, did put in jeopardy the life of Jackie Agnew by the use of dangerous weapons, that is, a shotgun and revolvers. In violation of Section 2113(a) and (d), Title 18, United State Code."

The verdict form was " * * * We find the defendant Carlos Lamont Scuggs guilty as charged in the indictment herein * * *."

olation of both Sections (a) and (d) [6] of Title 18 U.S.C. § 2113. The instruction given as to the elements of the crime was as follows:

> "Three essential elements are required to be proved in order to establish the offense charged in the Indictment. First, the act or acts of taking from the person or presence of another money belonging to or in the care, custody, control, management or possession of an insured savings and loan association as charged. Second, the act or acts of taking such money by force or violence or by means of intimidation. And, third, doing such act or acts wilfully."

After defining "intent" and "taking by intimidation" and "wilfully" the Court summarized the elements essential to guilt and again omitted any reference to the essential element of Section (d) as charged, i. e., "did put in jeopardy the life of Jackie Agnew by the use of dangerous weapons, that is, a shotgun and revolvers."

We are convinced that the evidence supports a finding of guilt of both Sections (a) and (d), but under the instructions given we are compelled to hold the jury might have found appellants guilty of violating Section (a) only. See Morrow v. United States, 408 F.2d 1390 (8

Cir. 1969); United States v. Marshall, 427 F.2d 434 (2 Cir. 1970). Cf. Bradley, v. United States, 447 F.2d 264 (8 Cir., 1971). Section (d) is the aggravated offense. Green v. United States, 365 U.S. 301, 306, 81 S.Ct. 653, 5 L.Ed. 2d 670 (1961). To put it another way, Section (a) under this indictment was a lesser included offense. Hewitt v. United States, supra, 110 F.2d at p. 11; see also, Sawyer v. United States, 312 F.2d 24, 28 (8 Cir. 1963). Under the circumstances we direct that the sentence of appellant Scruggs who was sentenced to twenty-five years imprisonment under Section (d) be vacated and the appellant be returned for sentencing under Section (a).

Appellant Chambers was also found guilty of Section (d) as charged in the indictment. He received a sentence of twenty years imprisonment, the maximum permissible under Section (a). However, we note that his sentence was made to run consecutive to a twenty-year sentence imposed in a bank robbery case approximately three weeks prior to the instant sentencing. The trial court should sentence Chambers upon his conviction under Section (a).[7] It will therefore be directed that appellant Chambers' sentence be vacated and he be likewise returned for sentencing under Title 18, Section 2113(a).

---

**6.** The applicable statute is as follows:

Title 18, § 2113(a). "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank * * * or any savings and loan association; * * * Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

"(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

**7.** We recognize that a motion to reduce sentence would lie under Rule 35 Federal Rules of Criminal Procedure. We believe that the better practice here is to vacate the original sentence and impose sentence for conviction under the appropriate Section.