**UNITED STATES of America,
Appellee,**

v.

**Alonzo Jerry WRIGHT, Appellant.**

**No. 71–1628.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1972.

Decided May 9, 1972.

Lewis E. Pierce, Pierce, Duncan, Hill & Russell, Robert G. Duncan, Kansas City, Mo., for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., Stephen L. Hill, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, BRIGHT and STEPHENSON, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by defendant Alonzo Jerry Wright from his conviction by a

jury on an information charging that defendant did willfully and unlawfully aid and abet Walter and Mack Grigsby in forcibly taking $4,220.00 from the Lowry City Bank, whose deposits were insured by the Federal Deposit Insurance Company, in violation of 18 U.S.C. A. §§ 2113(a) and 2. Defendant was sentenced to twelve years imprisonment.

It is undisputed that the defendant did not personally enter the robbed bank. It is the Government's claim that he aided and abetted the robbery. The defendant appeared as a witness on his own behalf. His testimony is that he drove the Grigsby brothers to Lowry City, that after driving about the town including passing the bank several times, he let the Grigsby brothers out of the car near the bank and picked them up shortly afterwards, but that he did not know the Grigsby's intended to or did commit bank robbery until after they left town and were driving back home, at which time he saw the money unloaded on the car seat. He then participated in hiding the currency. He states that his purpose in driving the Grigsby brothers to Lowry City was to aid them in securing employment with his father who was a contractor and who had done some construction work at the bank. He testified that Walter Grigsby before getting out of the car at the bank stated that he would not mind running off into something, which he understood to be a teenage slang expression for committing robbery.

The record reflects without contradiction that the Grigsby brothers committed the bank robbery charged and that they have each pleaded guilty thereto and have been sentenced. The controverted issue in the present case was whether defendant aided and abetted the Grigsbys in the bank robbery. The jury gave an affirmative answer on such issue.

While defendant made a timely motion for acquittal in the trial court, he does not on his present appeal urge that the evidence is not sufficient to support a conviction. Thus the issue of the sufficiency of the evidence to support the conviction is not before us.

Defendant urges that he is entitled to a reversal and a new trial for the following reasons:

1. The trial court denied defendant a fair trial by failing to properly set out the essential elements of the aiding and abetting offense charged.

2. Defendant was deprived of a fair trial by highly prejudicial and inflammatory remarks made by the trial court.

3. Defendant was denied a fair trial by reason of the trial court's failure to follow standards of impartiality and fairness which the constitution requires.

We hold the asserted errors lack merit and affirm the conviction.

■ We have examined the instructions and find that considered as a whole they fairly advise the jury with respect to the essential elements of the aiding and abetting charge. The fact that the Grigsby brothers robbed the bank in violation of 18 U.S.C.A. § 2113(a) is not disputed by the defendant. The defendant urges that the court failed to adequately instruct the jury upon the essential elements of the aiding and abetting charge. We disagree. The court, after setting out and explaining the aiding and abetting statute, 18 U.S.C.A. § 2, instructed as follows:

"Now, members of the jury, in order to abet, aid and abet, another in the commission of a crime, it is necessary that the accused willfully associate himself in some way with the criminal venture, and willfully participate in it as he would in something he wishes to bring about. That is to say that he willfully seeks, by some act or omission, that is, to make the criminal venture succeed. And that omission is willfully done if done voluntarily and intentionally and with the specific intent to do something the law forbids, or with the specific intent to fail to do something which the law requires to be done, that is to say, with

bad purpose, either to disobey or to disregard the law."

The court then adequately explained to the jury the meaning of willfully and unlawfully, and the burden resting upon the Government to prove each of the essential elements of the offense beyond a reasonable doubt. The court later summarized the evidence upon which defendant based his contention that he was not aware of the fact that the Grigsby brothers intended to rob or did rob the bank until after the robbery had been committed, and then stated:

"That is for you to say, whether or not, under all the facts and circumstances and under all the details of this case, that this defendant didn't know that these two boys that he picked up and took down there, stopped 300 feet away, and they were going into the bank, they were going in there to rob that bank, and if you believe that story, and that is his story, if he did not know they were going in, if you believe that, if you believe that this defendant did not know that they were going to rob that bank, didn't have any knowledge of it and was not a party to it, then it is your duty to find him not guilty."

Defendant in brief concedes that the aiding and abetting instruction given was basically similar to the standard approved definition set out in Nye & Niessen v. United States 336 U.S. 613, 69 S. Ct. 766, 93 L.Ed. 919, and followed in this circuit by Mays v. United States, 8 Cir., 261 F.2d 662. But the defendant then goes on to say that the court did not adequately advise the jury that the defendant in order to be an aider and abettor must have prior knowledge that a criminal act was to be committed. The quoted portions of the instructions, as well as the instructions as a whole, reflect that the jury was properly instructed on the elements of the aiding and abetting charge.

■ Moreover, we note that the defendant took no exception to the aiding and abetting instruction, nor did he sub-mit any request for an elaboration of the instructions given. Thus defendant, absent plain error, has waived any right to have the validity of the instructions given reviewed. Rule 30, Fed.R.Crim.P. See United States v. Milby, 6 Cir., 400 F.2d 702, 707; United States v. Dunmore, 8 Cir., 446 F.2d 1214, 1222.

Defendant has failed to meet the heavy burden resting upon him to establish that the court committed plain error under Rule 52(b), Fed.R.Crim.P. See United States v. Reed, 8 Cir., 446 F.2d 1226, 1230; United States v. Milby, supra.

Defendant's second and third points are closely related and will be considered together. Both points appear to be directed at statements made by the court in its instructions. The only exception taken to the instructions or asserted prejudicial remarks of the trial court reads:

"Mr. Pierce: At this time, for the record, Your Honor, the defendant will except to the, generally, to the charge to the jury, more specifically will except to the comments of the Court, for the reason that counsel felt that in the Court's comments the clear inference was that the Court at least thought that defendant's story was, quote, 'just a story', and that it was not believable, and that kind of a comment by a Court could not fail to have some impact upon a jury. So for that reason we do except to the Court's comment."

■■ Such exception appears to be directed solely to the last portion of the instruction hereinabove quoted where the court, after setting out defendant's version of his lack of participation in the robbery, states, "If you believe that story, and that is his story, . . . then it is your duty to find him not guilty." We find nothing improper or prejudicial with respect to such statement. The court did not directly state that he did not believe defendant's story. If it can be inferred from the court's instructions that the court did not believe

defendant's version of the evidence, prejudicial error would not be established. The federal courts are permitted to comment on the evidence. Such right should be exercised cautiously and should not go to the extent of the judge becoming an advocate. Quercia v. United States, 289 U.S. 466, 469, 53 S.Ct. 698, 77 L.Ed. 1321; United States v. DePugh, 8 Cir., 434 F.2d 548, 554–555; Rowell v. United States, 8 Cir., 368 F.2d 957, 960–961; Franano v. United States, 8 Cir., 310 F.2d 533, 537.

United States v. Dunmore, 8 Cir., 446 F.2d 1214, relied upon by the defendant, is distinguishable and does not support a reversal under the facts of our present case.

The court's statements relied upon by the defendant fall far short of establishing the court as an advocate. The court carefully and repeatedly in its instructions advised the jury that they were the sole judges of the facts, and among other things stated:

> "But in the event, during the course of this charge, that I shall discuss some of the evidence and facts, I shall hope to do so fairly if I do. Any opinion that the Court may express about the facts is not binding upon you, any more so than an expression of opinion of the lawyers, because you are the sole judges of what those facts are, and I shall not attempt to influence you in that respect."

We hold that the court committed no prejudicial error in giving the instruction to which exception was taken.

Error with respect to other remarks and conduct of the court challenged in defendant's brief have not been preserved by appropriate exception and are not entitled to consideration. We have, however, examined the record as a whole and are convinced that the court committed neither plain nor prejudicial error in its instructions or in the conduct of the trial.

The judgment of conviction is affirmed.