**Harley Beverly MORRIS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 77–1935.

United States Court of Appeals,
Eighth Circuit.

Submitted March 9, 1978.

Decided March 15, 1978.

Ellis Olkon, Minneapolis, Minn., for appellant.

Andrew W. Danielson, U. S. Atty., and Ann D. Montgomery, Asst. U. S. Atty., Minneapolis, Minn., and Janet Forest, Legal Intern, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Harley Beverly Morris was convicted of two counts of knowingly receiving a firearm that was shipped in interstate commerce after he was convicted of a felony. 18 U.S.C. §§ 922(h)(1), 924(a). On appeal, he argues that he was denied a fair trial because the trial court improperly interjected itself in the government's behalf during the trial by: (1) instructing the prosecutor to ask certain questions during the government's cross-examination of Morris, and (2) commenting on the evidence in his instructions to the jury.

We have carefully reviewed the cross-examination of Morris and find that the trial court did not exceed its proper role by becoming another advocate for the government. *See United States v. Gregory Dale Lowe*, No. 77–1680 (8th Cir. February 1, 1978); *United States v. McColgin*, 535 F.2d 471, 474–475 (8th Cir.), *cert. denied*, 429 U.S. 853, 97 S.Ct. 145, 50 L.Ed.2d 128 (1976); *Kramer v. United States*, 408 F.2d 837, 841 (8th Cir. 1969).

While the trial court's comments on the evidence approached the limits of permissible comment, they did not exceed those limits. *See United States v. Brandom*, 479 F.2d 830 (8th Cir. 1973); *Scruggs v. United States*, 450 F.2d 359, 363 (8th Cir. 1971), *cert. denied*, 405 U.S. 1071, 92 S.Ct. 1521, 31 L.Ed.2d 804 (1972); *Weare v. United States*, 1 F.2d 617, 618 (8th Cir. 1924).

The judgment of conviction is affirmed.