**James W. RILEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22617.**

United States Court of Appeals
Fifth Circuit.

April 25, 1966.

James W. Riley, pro se.

Edward A. Davis, Sampson M. Culpepper, Asst. U. S. Attys., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before BROWN, BURGER,* and WISDOM, Circuit Judges.

PER CURIAM:

This is an appeal from the denial without hearing of Appellant's Motion to Vacate Sentence, under 28 U.S.C. § 2255 (1964), filed in the United States District Court for the Middle District of Georgia.

Appellant was convicted upon a jury verdict of a violation of the Dyer Act, 18 U.S.C. § 2312 (1964). The indictment charged that on or about April 22, 1964, within the Middle District of Georgia, Appellant transported in interstate commerce from Winnipeg, Manitoba, to Brooks County, Ga., a motor vehicle, knowing it to have been stolen. The evidence at trial showed that Appellant had procured the automobile April 10, 1964, from a Canadian agency under a rental agreement providing that it would not be removed from Manitoba and that it would be returned on April 13, 1964. Following the verdict of guilty, the court sentenced Appellant to for and one-half years' imprisonment and relieved his appointed attorney of further duties. The court clearly instructed Appellant of his right to appeal, but no appeal was taken. On May 10, 1965, he filed this § 2255 motion alleging that the court which tried him had lacked jurisdiction, chiefly because the fraudulent rental of the automobile had taken place in Canada.

The relevant statute reads:

Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been *stolen*, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

18 U.S.C. § 2312 (1964). (Emphasis added.) Appellant concedes "that he is properly charged with the fraudulent intent in Canada for the Automobile," and he does not dispute that thereafter he transported the automobile in interstate commerce. It is clear that the automobile need not have been "stolen" within the jurisdiction of the sentencing court, but that it is sufficient if transportation of such car is shown to have taken place therein. Appellant, however, relies on two cases which held that "stolen" must be construed with reference to common law larceny. Hite v. United States, 168 F.2d 973 (10th Cir. 1948); Ex parte Atkinson, 84 F.Supp. 300 (E.D.S.C.1949). These cases do not represent the present law; in United States v. Turley, 352 U.S. 407, 417, 77 S.Ct. 397, 402, 1 L.Ed.2d 430 (1957), the Supreme Court declared:

"Stolen" as used in 18 U.S.C. § 2312 includes all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common-law larceny.

See Lambert v. United States, 261 F.2d 799 (5th Cir. 1958). Appellant's case is not one in which the owner intended to part voluntarily with *title* to the property. Cf. Murphy v. United States, 206 F.2d 571 (5th Cir. 1953). It is rather an ordinary embezzlement or fraudulent conversion and taking of another's automobile which is later transported in com-

---

* Of the District of Columbia Circuit, sitting by designation.

merce. The District Court correctly noted that convictions have often been sustained on the authority of Turley, supra, in cases similar to this one. E. g., United States v. Welborn, 322 F.2d 910 (4th Cir. 1963); Jarvis v. United States, 312 F.2d 563 (9th Cir. 1963); United States v. Koeller, 310 F.2d 409 (7th Cir. 1962).

On this appeal Appellant asserts for the first time that his appointed counsel at trial was incompetent and did not have his "best interest at heart." The Appellant has not alleged any facts either in the District Court or in this Court which would require a hearing. See Navedo Santos v. United States, 305 F.2d 372 (1st Cir. 1962); Mitchell v. United States, 104 U.S.App.D.C. 57, 64, 259 F.2d 787, 794, cert. denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958).

Affirmed.