**Jesse A. CLIFTON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 23586.**

United States Court of Appeals
Fifth Circuit.

Oct. 21, 1966.

J. William Green, Robert M. Hitch, III, Savannah, Ga., for appellant.

Richard C. Chadwick, Fred S. Clark, Asst. U. S. Attys., Donald H. Fraser, U. S. Atty., Savannah, Ga., for appellee.

Before WISDOM, BELL and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

This is our second consideration of the charges against appellant. Clifton v. United States, 5 Cir., 1965, 341 F.2d 649. We reversed his conviction on the prior appeal and that opinion contains a full recital of the facts. The prosecution was for transporting a stolen vehicle in interstate commerce. 18 U.S.C.A. § 2312. The question of intent was the crucial issue. We pointed to defects in the charge taken as a whole, and emphasized the importance of the issue of intent where possession of the vehicle is obtained lawfully and the intent of the defendant to convert it to his own use is formed later.

This appeal is from the judgment of conviction entered on a jury verdict of guilty on the second trial. The issue was the same. Appellant obtained possession of the vehicle through permission of the vehicle owner. His dishonest or criminal intent to convert the vehicle to his own use, if such there was, was formed later.

The court repeatedly stated in its charge that the issue was whether defendant converted the vehicle to his own use. Appellant's counsel submitted two written requests for charge on the issue of criminal intent. The court agreed that the burden was on the prosecution to show that the conversion was with criminal intent. The court also stated that it

would charge on intent. However, no such charge was given. Appellant's counsel insisted, to no avail, upon the completion of the charge that the charge on conversion was not a sufficient charge on the issue of intent. The court was apparently of the view that it embraced the element of criminal intent.

The question presented is whether the court's charge was inadequate under the circumstances with respect to intent. Concluding that it was, we reverse.

■ It is now established that an offense may arise under the statute here in question even where the defendant obtains possession of the automobile in the first instance by permission of the owner. United States v. Turley, 1957, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430; Riley v. United States, 5 Cir., 1966, 359 F.2d 850. The Supreme Court said in Turley:

"'Stolen' as used in 18 U.S.C.A. § 2312 includes all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common-law larceny." [1]

In Dixon v. United States, 8 Cir., 1961, 295 F.2d 396, the court pointed out that the prosecution in a case of this kind is required to establish, among other elements, the essential element that there was a felonious conversion with intent to deprive the owner of the vehicle. There the defendant obtained possession of the vehicle lawfully and allegedly converted it to his own use at a later time. The conviction was reversed because the trial court failed to submit the underlying question to the jury in the charge of whether the vehicle had been feloniously converted by the defendant.

The rationale of the Eighth Circuit in the *Dixon* case is in keeping with what we said on the prior appeal of this case:

"The evidence is not conclusive on the questions of whether appellant had formed an intent to deprive French of the use of his car prior to its transportation into Georgia and whether he understood that French expected it to be returned the same day that appellant borrowed it. Therefore, it was incumbent on the trial judge to frame his instructions on those issues with great care. * * * "

■ The charge before us restricted the issue to whether appellant converted the vehicle to his own use. There was no definition of conversion to include the requisite criminal intent. There was no mention of criminal intent as an element of the offense. The issue was submitted as follows:

"If the defendant, following the evidence in this case, if he borrowed this car to go to a certain place, and then whether he went to that place or not, if he then converted this car to his own use and crossed the state line from Florida into Georgia he is guilty. That is the only issue in the case whether or not he did that."

The facts were that the owner of the vehicle loaned it to appellant so that appellant might use it for the purpose of going to a nearby Florida town to seek a job. He was arrested in the vehicle in Georgia two days later. His conviction could stand only upon a showing that he formed a criminal intent sometime after receiving the vehicle to convert it to his own use. This issue was not submitted to the jury in spite of the request for such a charge. For this reason, the judgment of conviction must be reversed.

The other errors asserted involve matters not likely to arise on a new trial and thus they need not and will not be considered.

Reversed and remanded for further proceedings not inconsistent herewith.

1. The Supreme Court pointed out in footnote 4 of the opinion that " * * * felonious is used in the sense of having criminal intent rather than with reference to any distinction between felonies and misdemeanors."