**William Stanley MAYZAK, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 25719.**

United States Court of Appeals
Fifth Circuit.

Oct. 17, 1968.

Shalle Stephen Fine, Miami, Fla., for appellant.

Theodore Klein, William A. Daniel, Jr., Asst. U. S. Attys., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before GOLDBERG, and AINSWORTH, Circuit Judges and SPEARS, District Judge.

GOLDBERG, Circuit Judge:

This is an appeal from a jury verdict in the United States District Court for the Southern District of Florida which found the defendant, William Stanley Mayzak, guilty of transporting a stolen motor vehicle in interstate commerce in violation of the Dyer Act, 18 U.S.C.A. § 2312. The events leading up to Mayzak's conviction have their genesis in mid-October, 1967, when Mayzak was employed by United Core, Inc. to do work on an oil rig near Magnolia, Texas. In conjunction with this employment, Mayzak was given the use of a 1961 Dodge pickup truck, and permission to drive the truck to the nearest city for food and lodging.

Several days after he was hired, Mayzak drove the pickup to Houston, Texas, and there decided he would not return to the rig, but drive on into Louisiana. In fact, he drove on until he reached Miami Beach, Florida, where, on the morning of October 28, 1967, he was stopped by a police officer and questioned as to his identity, driver's license, and ownership of the vehicle. When he could not produce proof of ownership he was taken to the police station and detained there while a teletyped inquiry was sent to Washington in order to determine whether or not the pickup truck was stolen. After receipt of an affirmative reply, Mayzak was formally charged with disorderly conduct, informed that the F.B.I. would be notified about the truck, and given a full and complete Miranda warning. The warning was read to Mayzak from a "Miranda card" which the City of Miami Beach issued to all of its police officers. Mayzak indicated that he understood the significance of the warning.

Two days after Mayzak's arrest, a special investigator for the F.B.I. interviewed Mayzak in the Auto Theft Squad office of the Miami Beach Police Department. The agent first identified himself; then stated that his purpose in seeing Mayzak was to inquire into the interstate transportation of a motor vehicle. Next he handed Mayzak a form which enumerated Mayzak's constitutional rights, and asked Mayzak if he understood it. Mayzak said he did and that he had no objection to the interview. The F.B.I. agent then reiterated for Mayzak's benefit the contents of the form. He warned Mayzak that his statements could be used against him in court, that Mayzak had a right to remain silent, that he had a right to retained or court appointed counsel prior to and during any questioning, and that the interview would have to be terminated whenever Mayzak so requested. The only deviation from the standard Miranda warning was the further statement by the F.B.I. agent that the F.B.I. could not furnish Mayzak with counsel until federal charges had been brought against him.

Mayzak replied that he wished to talk. He signed a declaration which stated that he had been informed of his rights, understood them, did not want a lawyer, and consented of his own free will to answer questions. He never asked for a lawyer. Instead he volunteered the information that he had driven the pickup from Houston, Texas to Miami, Florida without the permission of his employer. He said he did so knowing the truck was entrusted to him with the understanding that it not leave the state. At trial these statements were admitted into evidence after defendant's motion to suppress was denied. Also admitted into evidence over objection was a Certificate of Title from the State of Texas placing ownership of the pickup truck in Mayzak's former employer, United Core, Inc., and kept in the files of its Vice-President and General Manager,

Mr. Johnnie Thorp. The jury found that Mayzak had illegally transported a stolen vehicle in interstate commerce.

Five specifications of error are urged on this appeal. First, we are told that Mayzak merely indulged in a "joy ride" when he drove from Houston to Miami Beach and that a "joy ride" is not transportation in "interstate commerce" as that term is used in the Dyer Act. As a corollary to this proposition, defendant argues that a non-larcenous taking is not a Dyer Act offense because not embraced by the statutory term, "stolen." Defendant further objects to both the admission into evidence of the Texas Certificate of Title, and to the testimony of Mr. Thorp. Defendant claims Thorp did not sufficiently demonstrate his authority to speak on behalf of United Core, Inc. Finally, it is claimed that the use at trial of Mayzak's in-custody statements violated his constitutional rights.

 None of these claims appear to have any real substance. Defendant's allegation that a "joy ride" is not transportation in interstate commerce seems to be premised on the notion that the Dyer Act reaches only the theft of motor vehicles which are subsequently sold for profit across state lines. But a ride does not have to be unjoyous or business oriented to be within the Dyer Act's confines. It has long been the law that the transportation of a motor vehicle from one state to another is sufficient in itself to constitute transportation in interstate commerce. Whitaker v. United States, 9 Cir. 1925, 5 F.2d 546. No intent to sell or sale is required. Kelly v. United States, 4 Cir. 1921, 277 F. 405.

 Similarly there is no basis for the claim that the breadth and girth of the Dyer Act is limited only to larcenous takings. As said in United States v. Turley, 1957, 352 U.S. 407, 417, 77 S.Ct. 397, 402, 1 L.Ed.2d 430:

"'Stolen' as used in 18 U.S.C. § 2312 includes all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common-law larceny."

It is now well established that an offense may arise under the Dyer Act even where the defendant obtains possession of a motor vehicle in the first instance by permission of the owner. Clifton v. United States, 5 Cir. 1966, 368 F.2d 535. Since there was evidence that Mayzak knowingly violated the terms upon which the pickup was loaned to him, a jury could find that he intended to deprive the owner of the rights and benefits of ownership, Schwab v. United States, 8 Cir. 1964, 327 F.2d 11, and convict under the Dyer Act.

 The admission into evidence of the testimony of Mr. Thorp and the Certificate of Title to the pickup truck were likewise permissible. The Certificate of Title was properly admitted under 28 U.S.C.A. § 1732. Thompson v. United States, 5 Cir. 1964, 334 F.2d 207. And that Mr. Thorp was an agent and officer of United Core, Inc. was amply supported by the record. Thorp testified without objection from defendant that he was Vice-President, General Manager and principal stockholder of United Core, Inc. No evidence to the contrary was introduced. Mr. Thorp also testified of his own knowledge as to the conditions upon which he loaned the pickup truck to Mayzak. This testimony was entirely adequate to support a jury determination that Mayzak violated the terms and conditions upon which the Dodge pickup came into his possession and wrongfully deprived another of rightful ownership.

Finally, defendant complains that the warnings he received prior to his in-custody interrogation by an F.B.I. agent were not in compliance with the mandate of Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. We cannot accept this proposition. Mayzak was informed of his rights not once, but several times prior to his incriminating statements. He was informed of these rights both orally and in writing, and he indicated that he understood them. Yet there is

no evidence that Mayzak asked either the Miami Beach police or the F.B.I. agent for a lawyer. The fact that the F.B.I. agent truthfully informed Mayzak that the F.B.I. could not furnish a lawyer until federal charges were proffered against him does not vitiate the sufficiency of an otherwise adequate warning. Mayzak knew he could remain silent. He knew he could refuse the interview or terminate it at any point by a simple request. Yet he neither exercised his right of silence nor requested legal counsel. Cf. Jennings v. United States, 5 Cir. 1968, 391 F.2d 512.

Stripped of its cry of pain, defendant's contention is simply that he was entitled to be warned not only of his right to counsel, but of his right to instant counsel. *Miranda* however, does not require that attorneys be producible on call, or that a Miranda warning include a time table for an attorney's arrival. Nor does it seem to us requisite that the officer conducting the interview declare his personal and immediate power to summon an attorney. The adequacy of the warning is not jeopardized by the absence of such embellishments. Since this is not a case where an attorney was refused or never offered, we are not confronted with evidence of bad faith or of impermissible police pressures. Nor are we faced with facts which bring this case within the ambit of United States v. Vanterpool, 2 Cir. 1968, 394 F.2d 697, or Fendley v. United States, 5 Cir. 1967, 384 F.2d 923. There is no doubt that Mayzak was warned of his right to have court appointed counsel and to have such counsel present prior to and during any questioning. Rather we are asked to find that the sufficiency of a Miranda warning is diluted or destroyed because the promise of an attorney is not accompanied by a concurrent tender of one. To so hold would be to allow a defendant to use his right to an attorney as a weapon against his custodians. He would simply argue if you will not furnish me an attorney now, even though I am told that I can remain silent, I will talk and after talk-ing object to my words going into evidence. This argument is both hollow and specious. The Miranda warnings given to Mayzak were constitutionally adequate. That he chose of his own free will to speak without the assistance of counsel should give him no cause for complaint.

Affirmed.