UNITED STATES of America,
Plaintiff-Appellee,

v.

Elwood Calvin BURGER, Defendant-
Appellant.

No. 27466

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Dec. 29, 1969.

Edward H. Swanko (court appointed), Miami, Fla., for defendant-appellant.

William A. Meadows, Jr., U.S.Atty., Robert L. Steuer, Jose E. Martinez, Asst. U.S.Attys., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM.

On October 24, 1968 the Chase Federal Savings and Loan Association was robbed of $15,166.00 by a man in a gray rain coat, gray hat, wearing sun glasses, and carrying a gun. Appellant was identified as the robber by the teller, the manager of the bank, and another eye witness. He was indicted on a two count indictment charging violations of

18 U.S.C.A. § 2113(a)[1] robbing a federally insured bank—and 18 U.S.C.A. § 2113(d)[2] putting life in jeopardy during such robbery. He was convicted on both counts, and given concurrent sentences of 18 years on each count.

■ Here he attacks the conviction on three grounds.[3] We do not, however, find reversible error and thus affirm.

■ Appellant's first argument is that evidence of a display of a gun close to the face of the woman teller in the course of repeated demands for more and more money is not enough by itself to satisfy the jeopardy of life requirement under 18 U.S.C.A. § 2113(d) of an *objective state of danger.* This contention has, however, recently been rejected by this Court in Baker v. United States, 5 Cir., 1969, 412 F.2d 1069 [No. 24094, June 20, 1969]. There we held that a gun—whether actually loaded or unloaded, but not known by the victim to be unloaded—"used in connection with and at the scene of a bank robbery is as a matter of law a dangerous weapon and that those on the immediate scene of the robbery are placed in an objective state of danger * * *." *Baker, supra,* 412 F.2d at 1072.

Every young boy in his first exposure to the excitement of firearms, every recruit on his first visit to a target range gets drilled into him the idea that every gun is to be treated as loaded. A good rule in peaceful pursuits ought to have even more vitality when the weapon is being used in rank, felonious law breaking. We reaffirm the common sense reading of "putting in jeopardy" that a

jury can "reasonably consider that the usual meaning was likewise the law's meaning—life was in peril, not merely thought to be". Smith v. United States, 5 Cir., 1960, 284 F.2d 789, 792.

Appellant's second contention is that the Trial Court committed reversible error in charging the jury. He complains that the jury was charged that the "law makes no distinction between the weight to be given to either direct or circumstantial evidence; it requires only that the jury, after weighing all the evidence, must be convinced of the guilt of the defendant beyond a reasonable doubt before he can be convicted." Appellant's argument is that there is a significant difference between circumstantial and direct evidence: circumstantial evidence to support a conviction must be "inconsistent with every reasonable hypothesis of his innocence." Vick v. United States, 5 Cir., 1954, 216 F.2d 228.

■ Although the law recognizes a difference, the Trial Court did not err. First, in Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150, the Court held that the failure of the Trial Court to charge that the Government's proof had to "exclude every reasonable hypothesis other than that of guilt" was not error. The Court said that "where the jury is properly instructed on the standards for reasonable doubt, such additional instruction on circumstantial evidence is confusing and incorrect." 348 U.S., at 139–140, 75 S.Ct., at 137, 99 L.Ed., at 166. Secondly, here the Government's case was not based on circumstantial evidence. There were

---

1. "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association * * *"
18 U.S.C.A. § 2113(a).

2. "Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a

dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."
18 U.S.C.A. § 2113(d).

3. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Huth v. Southern Pac. Co., 5 Cir., 1969, 417 F.2d 526 (Oct. 7, 1969); Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

three eye witnesses who positively identified Appellant as the robber.

Appellant's third assertion of error is the Trial Court's refusal to reopen the case after it had been submitted to the jury so that Appellant could offer additional evidence. After the case had been submitted to the jury, the jury requested that a portion of the testimony be read to them. The jury was interested in testimony of an arresting officer who had testified that $250.00 was found in Appellant's possession. After the testimony was read, Appellant wanted to introduce evidence that, he claimed, contradicted the testimony of the officer. Appellant claimed to be able to produce a witness who would testify that he had only $.12 in his possession when he was first booked in jail. Appellant admitted, however, that he had known of this testimony throughout the trial. Equally important, other circumstances permitted the Trial Judge at that late stage to conclude that the proffered testimony neither contradicted nor undermined that of the police officer.

The reopening of a case is a matter of the Trial Judge's discretion, Hale v. United States, 5 Cir., 1969, 410 F.2d 147, 152, which should be exercised with caution.

Affirmed.