**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Jackson GIBSON, Defendant-Appellant.**

**No. 27513**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Jan. 16, 1970.

Rehearing Denied April 15, 1970.

Massie Tillman, Court appointed, Tillman & Rutledge, Fort Worth, Tex., for appellant.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for appellee.

Before GEWIN, DYER and CARSWELL, Circuit Judges.

PER CURIAM:

Appellant, Robert Jackson Gibson, was convicted by a jury verdict in the United States District Court for the Northern District of Texas on a two count indictment charging separate violations of the Dyer Act, 18 U.S.C. § 2312. He was charged with unlawfully transporting a 1964 Comet automobile from Phoenix, Arizona to Fort Worth, Texas and a 1966 Dodge Charger from Fort Worth, Texas to Denver, Colorado, knowing these vehicles to have been stolen.

In this appeal, appellant specifies ten "points of error" which assign defects to the police investigation, pre-trial procedures, the conduct of the trial itself,

the verdict of the jury and the sentence by the court. We affirm.[1]

In the period from arrest to trial, appellant contends that error was committed in not releasing him on his own recognizance, not bringing him before a magistrate on his arrival in Texas, and not arraigning him until the day of trial. He further claims that his constitutional rights were violated by the treatment he received in the Tarrant County jail, and the failure to grant him a speedy trial.

He also asserts that error was committed, during the trial of his case, by allowing the indictment to be read twice to the jury, and by refusing to allow him to inspect the two automobiles in question and certain photographs which had previously been used to identify him. The sentence, imposed by the court on the jury's verdict, is categorized as "unfair and unjust." None of the foregoing allegations are of sufficient substance, in light of the facts disclosed by the record, to merit further discussion.

■ There remain two specifications of error upon which appellant urges reversal of his conviction. He argues that his Fourth Amendment right to be free from unreasonable search and seizure was violated by the warrantless police examination of the two vehicles in question after they had been abandoned by him. The 1964 Comet had been left at the Jack Scruggs Dodge lot in Fort Worth, Texas for six days when it was examined by a special agent of the Federal Bureau of Investigation. The 1966 Dodge Charger was left at a service station in Denver, Colorado, and over a month later it was inspected by officers of the Denver Police Department. In both instances a record of the identification numbers was made. Appellant contends that in as much as the vehicles, when examined, were remote in location from the place of his arrest this case comes within the rule of Simpson v. United States.[2]

*Simpson* is readily distinguishable from the present case Simpson had been arrested prior to the search on an unrelated charge, and the vehicle which was the subject of the "remote" search had been in Simpson's possession just prior to his arrest. At the time the vehicles in the present case were examined, appellant was not in custody and possession of the automobiles which had been abandoned. On the facts of the present case the examination of the identification numbers of these abandoned vehicles did not constitute an unreasonable search or seizure in violation of the Fourth Amendment.[3]

Finally, appellant makes a general contention that the evidence adduced at his trial was insufficient to support the jury's verdict. Reviewing the evidence in the light most favorable to the government,[4] we are convinced that the evidence is sufficient to establish the essential elements of a Dyer Act violation[5] and to support the verdict. This is not a case "where the scales of justice may be delicately poised between guilt and innocence."[6] The record is well saturated with evidence of guilt.

The judgment is affirmed.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

2. 346 F.2d 291 (10th Cir. 1965).

3. Weaver v. United States, 374 F.2d 878 (5th Cir. 1967).

4. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Krull v. United States, 240 F.2d 122, 137 (5th Cir. 1957) cert. denied 353 U.S. 915, 77 S.Ct. 764, 1 L.Ed.2d 668.

5. See United States v. Turley, 352 U.S. 407, 417, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957); Dixon v. United States, 295 F.2d 396 (8th Cir. 1961).

6. See Glasser, *supra* 315 U.S. at 67, 62 S.Ct. at 463.