UNITED STATES of America,
Plaintiff-Appellee,

v.

James Leon LAWRENCE, Defendant-
Appellant.

No. 28552

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 20, 1970.

Wade L. Hopping, Jacksonville, Fla. (Court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

█ Lawrence is here appealing his conviction, for which he was given a four year sentence, for violation of the Dyer Act. 18 U.S.C.A. § 2312.[1] The only allegations of error concern the Court's charge to the jury. Since these objections were not made at trial, Lawrence must, and does, contend the alleged errors were "plain". F.R.Crim.P. 52(b). We do not, however, find any "plain error" and affirm.[2]

---

1. "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."
18 U.S.C.A. § 2312.

2. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v.

On May 23, 1969 Lawrence was found in possession of an automobile in St. Augustine, Florida that had been stolen on April 28, 1969 [3] from a repair shop, which was owned by his brother and which was located in Williamson, Georgia. The Government proved by direct evidence from the owner that the automobile found in Lawrence's possession had been stolen. But its evidence regarding interstate transportation of the automobile by Lawrence and his knowledge that it was stolen was wholly circumstantial. And the most important circumstance was his possession of the automobile in Florida after recent disappearance from Georgia, which under the law permits the inference of knowledge of its stolen character and interstate transportation by the possessor. Barfield v. United States, 5 Cir., 1956, 229 F.2d 936.

Lawrence's argument is that because of the central role played by the permissible inferences to be drawn from possession, Beufve v. United States, 5 Cir., 1967, 374 F.2d 123, cert. denied, 389 U.S. 881, 88 S.Ct. 122, 19 L.Ed.2d 175; Barfield, *supra*, any deviation by the District Court in its charge regarding these inferences from the charge approved by this Court in Orser v. United States, 5 Cir., 1966, 362 F.2d 580, 582, n. 1,[4] constituted "plain error." [5]

Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.

3. There is some dispute in the record whether the automobile was stolen on April 21 or April 28.

4. The *Orser* charge with paragraph numbers, e. g. [1], and the portions omitted in the Trial Court in italics is set out below:

"Possession of property recently stolen, if not satisfactorily explained, is a circumstance from which the jury may reasonably draw the inference and find that the person in possession knew the property had been stolen.

"Possession in one state of property recently stolen in another state, if not satisfactorily explained, is a circumstance from which the jury might reasonably infer and find in the light of surrounding circumstances that the person in possession not only knew it to be stolen property, but also transported or caused it to be transported in Interstate Commerce.

"The term, 'recently' is a relative term which has no fixed meaning. Whether property may be considered as recently stolen, depends upon the nature of the property and all the facts and circumstances shown by the evidence. The longer the period of time since the theft, the weaker the inference which may be drawn from unexplained possession.

"If you find from the evidence beyond a reasonable doubt that the motor vehicle described in the indictment was stolen, and was transported in Interstate Commerce as charged, and that, while recently stolen, the property was in the possession of the accused in another State than that in which it was stolen, the jury would be justified in drawing from those facts the inference that the motor vehicle was transported or caused to be transported in Interstate Commerce by the accused with knowledge that it was stolen, unless possession of the recently stolen property by the accused in such other state is explained to the satisfaction of the jury by other facts and circumstances in the case.

*"In considering whether possession of recently stolen property has been satisfactorily explained, you will bear in mind that in the exercise of constitutional rights, the accused need not take the witness stand and testify, and you may draw no inference of guilt or innocence from the failure of the accused to take the stand and testify, he has an absolute right not to do so.*

*"Possession may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused.*

"It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence warrant any inference which the law permits the jury to draw from possession of recently stolen property. *If any possession the accused may have had of recently stolen property is consistent with innocence, then the jury should acquit the accused.*"

Orser, *supra*, 362 F.2d at 582 n. 1.

5. For a discussion of the various judicial attempts to characterize the term "plain

Although the District Court gave the vast majority of the *Orser* charge, Appellant complains that it omitted the italicized language in pars. [5], [6], and [7]. Appellant stresses that the omission of par. [5] deprived him of the necessary instruction emphasizing that no inference of guilt could be drawn from his failure to testify. But there was no serious effect on the fairness of the trial, Moore v. United States, 5 Cir., 1968, 399 F.2d 318, since the District Court did include in another portion of the charge an appropriate instruction regarding the failure of Appellant to testify:

"The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn from the failure of this Defendant to testify."

And other errors claimed to have resulted because of the omissions from the *Orser* charge clearly do not rise to "plain error" in view of similar inclusion of remedying language in other parts of the charge.[6]

Not content with attacking *omissions*, Appellant next complains of too much *addition* to the *Orser* charge. He argues that the inclusion after par. [2] of the charge of the statement that the "same inferences may be reasonably drawn from a false explanation of possession of recently stolen property" constituted a comment upon his failure to testify. But, although Lawrence did not testify, out-of-court statements, not otherwise attacked as inadmissible, explaining his possession of the automobile were introduced. Since these constituted an attempted explanation by Defendant of his possession, and gave rise to questions of truthfulness of the explanation, the instruction was appropriate.

Affirmed.

---

error", see United States v. Campbell, 5 Cir., 1969, 419 F.2d 1144, 1145.

6. Thus, par. [6] was handled in this way: "Unless possession of the recently-stolen property by the Defendant in such other state is explained to your satisfaction by *other facts and circumstances* and *evidence* in the case, it is the exclusive province of you, the Jury, to determine whether the facts and circumstances shown by the evidence warrant any inference that the law permits the Jury to draw from recently-stolen property." (Emphasis added)

Actually, the omission of the last sentence of par. [7] may have been an improvement of the *Orser* charge. Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150; United States v. Burger, 5 Cir., 1969, 419 F.2d 1293.