**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Willie SMITH, Jr., Defendant-Appellant.**

**No. 29194**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 28, 1970.

---

* ▆ Rule 18, 5th Cir.; *See* Isbell Enterprises v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

---

Roger McGehee, Jr., Jackson, Miss., (Ct. Apptd.), for appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Daniel E. Lynn, Joseph E. Brown, Jr., Asst. U. S. Attys., Jackson, Miss., for appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Appellant, Willie Smith, was convicted in a jury trial for forging the endorsement of the payee on a Treasury check, with the felonious and fraudulent intent to receive the amount thereof from the government, in violation of 18 U.S.C.A. § 495 (1966). We affirm.

In January 1969, Alberteena Gray filed her 1968 federal income tax return, which disclosed that she was entitled to a refund of 101.81 dollars. When she had not received a refund or other response in due course, she notified the Treasury Department. Her complaint initiated an investigation, which led to the arrest of Willie Smith.

The parties differ on their appraisal of the weight and the sufficiency of the evidence adduced at trial. Smith, who readily admitted signing and cashing the check, asserts that he was the innocent victim of circumstances. He testified that a casual acquaintance known to him only as "A.C.", had come by the house Smith was renting (which had previously been the address of Alberteena Gray) on the day prior to the arrival of the check and had made inquiry about its delivery. A.C. then returned the next day and was present when the postman brought the check. Smith testified that A.C. thereupon told him that he, A.C., was the person for whom the check was intended, but, because of his inability to read or write it would be necessary for Smith to endorse the name Alberteena Gray on the check and to negotiate it. The government countered with evidence which indicated that Smith knew the payee, Alberteena Gray, that the individual identified as A.C. was able to read and write, and with additional evidence which cast doubt on Smith's version of what transpired. The jury subsequently found Smith guilty as charged.

Smith here assigns three errors: (1) the trial judge erred in refusing to direct a verdict of acquittal; (2) the trial judge erred in his jury instructions; and (3) the jury verdict was against the overwhelming weight of the evidence. We find each of these assignments without merit.

With respect to the trial court's refusal to direct a verdict, it must be remembered that when several versions of a disputed fact issue are offered, it is the jury's function to choose the one most creditable. As has been pointed out numerous times by this circuit:

 \* \* \* In reviewing a District Court's refusal to direct a verdict of acquittal, this Court must affirm the District Judge and sustain the ver-

dicts of guilty "if, taking the view most favorable to the Government, there is substantial evidence to support it." Downing v. United States, 348 F.2d 594, 601 (5th Cir.1965). "This Court has consistently held that on motion for judgment of acquittal 'The test is whether viewing the evidence presented most favorable to the Government, a reasonable-minded jury could accept the relevant and admissible evidence as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt.' Stephens v. United States, 5 Cir., 1965, 354 F.2d 999." Weaver v. United States, 374 F.2d 878, 881 (5th Cir., 1967).

Sanders v. United States, 416 F.2d 194 (5th Cir.1969)

We find that there was sufficient evidence presented in the case at bar to support the jury verdict.

 Regarding Smith's charge relative to jury instructions, it should be noted that Smith's attorney lodged no objection to the instructions as required by Fed.R.Crim.P. 30. Thus, for any error in jury instruction to be grounds for reversal, it would have to be plain error within the purview of Fed.R.Crim.P. 52(b). Smith's first contention centers on the refusal of the trial judge to instruct the jury that if circumstantial proof were used, it must be such as would exclude every reasonable hypothesis other than that of guilt. This argument has been specifically rejected by this circuit. United States v. Kolsky, 423 F.2d 1111 (5th Cir.1970); United States v. Burger, 419 F.2d 1293 (5th Cir.1969). Smith additionally finds fault with the wording of that portion of the trial judge's charge relating to intent to defraud. His view of the charge, however, is too myopic for he has taken certain phrases out of context. An examination of the entire charge leads us to the conclusion that no error was committed—surely no plain error of Rule 52(b) magnitude is shown. United States v. Campbell, 419 F.2d 1144 (5th Cir.1969).

Smith finally contends that the jury's verdict was against the overwhelming weight of the evidence. In reviewing the sufficiency of the evidence in this situation, we are required to take the view most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Reviewing the evidence in this manner, we find ample support for the verdict.

The conviction of Willie Smith, Jr. is Affirmed.