**James Leon LAWRENCE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 71–1843
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 29, 1971.

Certiorari Denied Oct. 12, 1971.
See 92 S.Ct. 161.

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

---

James L. Lawrence, pro se.

John L. Briggs, U. S. Atty., Aaron K. Bowden, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of the appellant's motion to vacate his conviction and sentence. We affirm.

The appellant was convicted by a jury of transporting a stolen automobile in interstate commerce, a violation of the Dyer Act, 18 U.S.C. § 2312, and this Court affirmed the judgment of conviction upon his direct appeal, United States v. Lawrence, 5th Cir. 1970, 427 F.2d 95.

The appellant now seeks to have his conviction set aside on the ground that the Government failed to prove he was guilty of an offense under 18 U.S.C. § 2312 because no evidence was offered to show that his transportation of the stolen motor vehicle from Georgia to Florida had an effect on interstate commerce. The appellant argues that interstate "joyriding" in a stolen car does not come within the purview of § 2312.

We find no merit to the appellant's contention, having specifically rejected the identical argument in Mayzak v. United States, 5th Cir. 1968, 402 F.2d 152, 154:

"* * * * Defendant's allegation that a 'joy ride' is not transportation in interstate commerce seems to be premised on the notion that the Dyer Act reaches only the theft of motor vehicles which are subsequently sold for profit across state lines. But a ride does not have to be unjoyous or business oriented to be within the Dyer Act's confines. It has long been the law that the transportation of a motor vehicle from one state to another is sufficient in itself to constitute transportation in interstate commerce. Whitaker v. United States, 9th Cir. 1925, 5 F.2d 546. No intent to sell or sale is required. Kelly v. United States, 4th Cir. 1921, 277 F. 405."

Accordingly, the district court's denial of § 2255 relief is affirmed.

Affirmed.