**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**W. Borden STRICKLAND,**
**Defendant-Appellant.**

No. 74–2080.

United States Court of Appeals,
Fifth Circuit.

March 6, 1975.

Rehearing Denied April 2, 1975.

274

L. Drew Redden, Birmingham, Ala., Barry Hess and Thomas A. Deas, Mobile, Ala., for defendant-appellant.

Charles S. White-Spunner, U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before GEWIN and SIMPSON, Circuit Judges, and NICHOLS, Associate Judge.*

NICHOLS, Associate Judge.

Appellant, W. Borden Strickland, was convicted by a jury verdict on Counts 2, 45 and 46, of a 46-count indictment, and sentenced to three three-year sentences to be served concurrently.

Count Two charged the willful and knowing embezzlement and misappropriation of funds held by Appellant as court-appointed Guardian for Cherlyn Jones, a minor, in violation of 38 U.S.C. § 3501. We affirm the conviction on this count. In view of our conclusion as to Count Two, and since appellant has not shown any reason why the convictions under Counts 45 and 46 add anything material to the pains and penalties he will suffer from the conviction under Count Two, we deem it unnecessary to review the latter convictions, and decline to do so. See, Benton v. Maryland, 395 U.S. 784, 787–91, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

Appellant, a lawyer, was the General Guardian for Mobile County, Alabama. As such he performed fiduciary duties with respect to funds paid by the Veterans Administration (VA) for the benefit, among others, of the minor children of deceased veterans. Cherlyn Jones was such a minor child. Appellant purchased a car for her use with trust funds, and

---

* Of the United States Court of Claims, sitting by designation.

later obtained court permission to sell the car since she was moving to New York. Then occurred the following events.

| | |
|---|---|
| January 25, 1972 | Appellant receives $1,200 cash from purchaser, Robert Hunter, at "public outcry" sale of Cherlyn Jones' 1971 Volkswagen, and puts money in his cash box. He tells Hunter there will be a delay in delivery for court confirmation of the sale. |
| January 28, 1972 | Sale and payment are reported to Probate [Court] by appellant as Guardian and confirmation of sale is requested. |
| February 7, 1972 | Appellant puts $1,200 into his and his wife's joint safe deposit box. |
| February 23, 1972 | Purchaser Hunter receives car keys and bill of sale from appellant. The court has refused to confirm the sale, leaving the responsibility on appellant. |
| February 11, March 1, 30, June 8 and 15, 1972 | Subsequent entries into safe deposit box: $1,200 remains in box. |
| March 24, 1972 | Appellant swears to and files with VA an account of Cherlyn Jones' estate for the year ending March 24, 1972, but fails to report the $1,200 from the car sale. |
| August 13 or 14, 1972 | Appellant receives August 8th, letter from the VA inquiring: "We note that an order was entered authorizing the sale of Cherlyn's automobile. Please advise whether the automobile has been sold." |
| August 15, 1972 | Without removing the $1,200 cash from his safe deposit box, appellant writes $1,200 check to Cherlyn's account using his own funds, and deposits check to her account. He enters the $1,200 in his office ledger sheet for the Cherlyn Jones Guardianship account for the first time. |
| August 16, 1972 | Appellant replied to the VA by a letter which contains falsehoods. See below. |
| August 21, 1972 | After paying Cherlyn $1,200 from his checking account, appellant enters safe deposit box and removes part of $1,200, and thereafter treats $1,200 as his own money. |

## I

The statute, 38 U.S.C. § 3501(a) provides that: "Whoever, being a guardian * * * having charge and custody in a fiduciary capacity of money * * * hereafter paid under any of the laws administered by the Veterans' Administration for the benefit of any minor * * * shall * * * embezzle or in any manner misappropriate any such

money * * * shall be fined not more than $2,000 or imprisoned not more than five years, or both."

■■ Appellant tells us that by authority of Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), the prosecution must prove criminal intent, even though this is not spelled out in the statute. Mere negligence will not support an embezzlement conviction. United States v. Williams, 478 F.2d 369 (4th Cir. 1973). We accept these standards as valid, and accordingly we are required to examine the record to see if it contains direct or circumstantial evidence of criminal intent. *Morissette* was accused of stealing Government property, simulated bombs he thought were abandoned after being dropped in practice. The Court laid great stress on Morissette's openness and candor in face of investigation. It is obvious that the converse is equally true: concealment and falsification may reveal a consciousness of guilt and so help to carry the prosecutor's burden, or indeed, as to intent, may carry it alone.

In the records appellant filed with the Mobile County Probate Court all of the facts are set out correctly as regards sale events up to the date of the report (January 28). It is also obvious that in view of that disclosure it would have been impossible for appellant to have permanently converted the funds without ultimate discovery. Further, there is no showing that he needed the funds, nor did he actually make use of them.

However, going against appellant are the following facts: (1) he did keep the $1,200 cash unrecorded in his personal safe deposit box for a 6-month period despite several instances of putting things in or taking them out (making his argument of forgetfulness hard to believe); (2) appellant admitted it was unusual and not necessary to obtain court confirmation of such a sale, leaving open the inference that the purpose in asking for confirmation was delay; (3) delay in entering the receipt in his office ledger account and in reporting it to the VA; (4) his statement in the August 16, letter

to the VA that "for the first time I have ever known the Probate Court made it [the sale] subject to confirmation and not to the highest bidder * * * ", was patently false and contrary to recitals in his January 28, report to the Probate Court; and (5) his statement in the VA letter that "This [the Probate Court's alleged unusual action] delayed receipt of the sale price of Twelve hundred dollars ($1,200.00)." was also patently false.

Appellant was unable on cross-examination to explain satisfactorily the delay in depositing the funds to Cherlyn's account and the falsehoods in his letter to the VA.

■ We think the jury had sufficient evidence before it to find as it must have done, that the misappropriation was willful and knowing. As this court has said, it is the jury's duty to draw whatever permissible inferences it may from circumstantial evidence that usually forms the basis for finding criminal intent, and to find a verdict founded on whatever permissible inferences the jury chooses to draw. Roberts v. United States, 151 F.2d 664 (5th Cir. 1945). In United States v. Lawrence, 427 F.2d 95 (1970), a recent per curiam opinion of this court, to the inference of criminal intent from the unexplained possession of a recently stolen item was added a corollary inference of criminal intent from the false explanation of possession. In Barshop v. United States, 191 F.2d 286 (5 Cir. 1951), reh. denied, 5 Cir., 192 F.2d 699, cert. denied, 342 U.S. 920, 72 S.Ct. 367, 96 L.Ed. 688 (1952), we held that falsification by a defendant furnished direct evidence of willfulness to support evidence on that issue which was otherwise circumstantial. In the recent United States v. Finance Committee to Re-Elect the President, D.C.Cir., 507 F.2d 1194 at p. 1197 (decided December 2, 1974), of the slip opinion it was said, "Secrecy or openness in the involved transaction are clear indicators of guilty intent or its absence." The *Finance Committee* case offers some striking parallels: there and here sums of money were received and stowed away without

proper and prescribed formalities and book entries. Appellant here specifically admitted that he deliberately avoided putting the $1,200 where it would show up in his trust accounts.

As the Supreme Court said in Ashcraft v. Tennessee, 327 U.S. 274, 278, 66 S.Ct. 544, 546, 90 L.Ed. 667 (1946):

> * * * Wilful concealment of material facts has always been considered as evidence of guilt. * * *

In Cummings v. United States, 398 F.2d 377, 380 (8th Cir. 1968), the court said:

> * * * We add that the defendant's attempted concealment of material facts is evidence of guilt.

> \* .\* \* \* \* \*

■ The jury here had before it evidence that, at one time, appellant had been open and candid, i. e., in reporting his receipt of the money to the Probate Court. At another time, in the August 16, letter, he falsified in such a manner that his consciousness of his own guilt was a more than reasonable inference. It was for the jury to weigh all this. There was other circumstantial evidence of criminal intent, but we need not discuss it in view of the convincing force of the August 16, letter.

## II

■ Appellant also assigns error to the refusal of the trial court to admit defendant's Exhibits 13 through 18. These consisted of his petition filed in the Probate Court to be allowed to sell Cherlyn's automobile, the order of court setting a date for the hearing of the petition, a copy of the acknowledgment made to the Probate Court by Veterans Administration that it had received the petition and waived further service, an order of the court filing the acceptance of service, an order of the court appointing a guardian ad litem to represent the interest of the minor on the hearing, and the order of the court authorizing the sale of the automobile at public outcry, after newspaper notice. Substantially the same facts are recited in Government Exhibit No. 5, the petition for confirmation of January 28, 1972. Appellant also concedes that he was allowed to testify that these things were done.

The Government asserts that, if there was error in refusing the exhibits, it was harmless error since no one disputed the facts that the exhibits established, and since these same facts had been established by oral testimony. Barshop v. United States, *supra.*

We agree that the error if any was harmless. The real question under Count Two was what was the appellant's intent SUBSEQUENT to the sale, and what he intended to do when he prepared. the excluded documents was really · irrelevant to the charge.

## III

■ Appellant also complains in his brief about the jury instructions, but we think if there was error in any portions of the charge, it was in portions that related to counts in the indictment on which the jury acquitted the appellant. Appellant does not connect up any asserted error with Count Two.

## IV

■ The statute, quoted above, evidently places under its ban a wide variety of offenses, large and small. Within correspondingly wide limits, the sentence is within the discretion of the trial court. While we hold that appellant betrayed himself with clear evidence of his consciousness of guilt, as our analysis of the facts has shown, we do not wish to be understood as classing him among the most heinous offenders the statute might reach. There were mitigating factors for the trial court to consider. There was no actual loss of funds to the beneficiaries under any of the guilty findings of the jury. The records on the transaction made up to January 28, 1972, made it impossible for the $1,200 shortage to go permanently unnoticed. We note that, upon return of our mandate, under Rule 35 the trial court has 120 days to reconsider the sentence after our re-

mand. As we said in Lott v. United States, 309 F.2d 115, 126 (5th Cir. 1962):

> * * * Needless to say, the reduction of a valid sentence after affirmance is within the discretion of the trial court. Substantial time has elapsed since the appellants were sentenced. No doubt, the distinguished trial judge has given consideration to the sentences imposed. Considerations based on compassion and mercy are to be determined by the trial court.

Affirmed.