UNITED STATES of America, Plaintiff-Appellee,

v.

Gustavo Javier GARCIA–GODOS, Defendant-Appellant.

No. 76–2215

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1976.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Alan I. Karten, Miami, Fla., for defendant-appellant.

Robert W. Rust, U.S. Atty., Barbara D. Schwartz, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Gustavo Javier Garcia-Godos appeals his conviction for possessing cocaine with intent to distribute, *see* 21 U.S.C. § 841(a)(1), and conspiracy to import cocaine, *see* 21 U.S.C. §§ 963; 952(a); 960(a)(1). We affirm.

Appellant first challenges the admission of his post-arrest oral statements allegedly elicited in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The arresting officer read appellant his *Miranda* rights, appellant said he understood them, and appellant then voluntarily made, the statements in question. Under these circumstances the district court did not err in admitting the statements into evidence.

Appellant next challenges the government's response to a pre-trial discovery order. In accordance with Fed.R. Crim.P. 16, the district court ordered the government to disclose the substance of appellant's oral statements. The government complied, fully and accurately disclosing the substance of the statements appellant made to the arresting officer. The government did not disclose that in response to the *Miranda* warnings appellant said he understood his rights, but appellant's counsel did not request disclosure of that information, appellant himself was fully aware of the information as indicated by his testimony at trial, and appellant's defense could in no way have been impaired by the nondisclosure under the circumstances here. The government's response to the discovery order does not invalidate appellant's conviction. *See United States v. Arcentales*, 532 F.2d 1046 (5th Cir. 1976).

Finally, appellant contends the evidence was insufficient to support the conspiracy conviction. We have carefully reviewed the record, and we find appellant's claim without merit. Moreover, the conspiracy sentence is concurrent with the sentence for the unchallenged possession conviction. *See e. g., United States v. Strickland*, 509 F.2d 273 (5th Cir. 1975).

AFFIRMED.